## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ASHLEY NORWOOD, individually and on behalf of all similarly situated individuals,**<br><br>Plaintiff,<br><br>v.<br><br>**SHIPPERS WAREHOUSE OF ILLINOIS, INC.**<br><br>Defendant. | Case No. 1:21-cv-917<br><br>(Removed from the State of Illinois, Circuit Court of Cook County, Chancery Division, Case No. 2021CH00207) |

## <u>NOTICE OF REMOVAL</u>

Defendant Shippers Warehouse of Illinois, Inc. ("SWI") hereby removes the above-captioned action, which is currently pending in the Illinois Circuit Court of Cook County, to the United States District Court for the Northern District of Illinois. This removal is based diversity jurisdiction and on jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of its Notice of Removal, SWI states the following:

### *The State Court Action*

1.     On January 15, 2021, Plaintiff Ashley Norwood ("Plaintiff") filed a putative class action complaint ("Complaint") in the Cook County Circuit Court, captioned *Ashley Norwood, individually and on behalf of all others similarly situated, v. Shippers Warehouse of Illinois, Inc.*, Case No. 2021CH00207 (the "Action").  The Complaint alleges that SWI violated the Illinois Biometric Information Privacy Act (740 ILCS 14/1, *et seq.*) ("BIPA") in four different ways.  (*See* Exhibit 1, Compl., ¶ 15).

2.    SWI was served with a copy of the Summons and the Complaint on January 20,

2021.  This was SWI's first formal notice of the Action.  In accordance with 28 U.S.C. § 1446(b),

a true and correct copy of all process, pleadings, and orders served upon SWI, including a copy of

the Summons and Complaint, is attached as **Exhibit 1**.  No other processes, pleadings, or orders

have been served on SWI in this matter.

3.    This Notice of Removal is timely filed within 30 days of SWI's receipt of service

of the Complaint as permitted by 28 U.S.C. § 1446(b).

4.    Plaintiff alleges that he brings this Complaint on behalf of a proposed class of "all

persons who were enrolled in the biometric timekeeping system and subsequently used a biometric

timeclock while employed/working for SWI in Illinois during the applicable statutory period."

(the "Class").  (Ex. 1, Compl., ¶ 71).  Plaintiff asserts that "there are in excess of forty potential

class members."  (*Id.*, ¶ 72).

5.    Plaintiff alleges that SWI violated his rights and the rights of the Class under BIPA

by:

- Failing to properly inform Plaintiff and the Class in writing of the specific purpose and length of time for which their "(s)" were being collected, stored, disseminated, and used, in violation of 740 ILCS 14/15(b)(2);

- Failing to publicly provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class's "(s)" in violation of 740 ILCS 14/15(a);

- Failing to obtain written releases from Plaintiff and the Class to disclose, re-disclose, or otherwise disseminate their biometric identifiers and/or biometric information to a third party in violation of 740 ILCS 14/15(b)(3);

- Failing to obtain consent from Plaintiff and the Class to disclose, re-disclose, or other disseminate their biometric identifiers and/or biometric information to a third party, in violation of 740 ILCS 14/15(d).

(*See id.*, ¶ 15).

6.      Plaintiff seeks declaratory and injunctive relief, statutory damages on behalf of himself and the Class for each time SWI violated BIPA, and reasonable attorneys' fees and costs, including other litigation expenses.  (*Id.*, Prayers for Relief).

### *Venue*

7.      Because the Circuit Court of Cook County lies in the Northern District of Illinois, Eastern Division, this Court is the appropriate venue for removal.  *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

8.      As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d)because it is a civil action between citizens of different states and the amount in controversy for the Class members in the aggregate exceeds $5,000,000.[1]

### *Diversity Jurisdiction*

9.      Pursuant to 28 U.S.C. § 1332, District Courts have original jurisdiction of all actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and in which there is complete diversity of citizenship among the parties that have been properly joined.  28 U.S.C. § 1332.

### *Diversity of Citizenship*

10.      The parties are citizens of different states.

11.      For purposes of diversity, an individual is a citizen of the state in which he or she is domiciled.  *Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 676 (7th Cir. 2006) ("[I]n class actions only the citizenship of the named plaintiff counts") (citations omitted).  A person's domicile is the place where one is physically present and intends to make that place his home for the time being at least.  *Sadat v. Mertes*, 615 F.2d 1176, 1180 (7th Cir. 1980).  Objective factors

---

[1] SWI does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions, and alleged damages.

relevant to a person's intent includes an individual's current residence and place of employment. *Stravala v. Zhang*, 318 F.R.D. 81, 97 (N.D. Ill. 2016) (*citing Midwest Transit, Inc. v. Hicks.*, 79 Fed. Appx. 205, 208 (7th Cir. 2009)). At the end of Plaintiff's employment with SWI, he advised SWI his permanent address was located in Bolingbrook, Illinois. (**Exhibit 2**, Declaration of Diane Villafana, ¶ 8). Further, in Plaintiff's own Complaint, he asserts citizenship of Illinois. (Ex. 1, Compl., ¶¶ 1, 4). This evidence demonstrates that Plaintiff is physically present in Illinois and intends to make Illinois his home for the time being. Thus, Plaintiff is domiciled in, and is a citizen of Illinois.

12.     SWI is a corporation formed under the laws of the State of Texas with its principal place of business in Hutchins, Texas. (Ex. 2, Villafana Decl, ¶ 4).

13.     For purposes of determining diversity of the parties, a corporation "shall be deemed a citizen of every State and foreign state by which it has been incorporated and the State and foreign state by which it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, for purposes of determining diversity jurisdiction, SWI is a citizen of Texas.

14.     The parties are of diverse citizenship, as Plaintiff is a citizen of Illinois and SWI is a citizen of Texas.

### Amount in Controversy

15.     To support diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The party seeking removal must establish by a preponderance of the evidence that the amount in controversy is over $75,000, exclusive of interests and costs. *Palmer v. Am. Coal Co.*, No. 08-CV-0213-MJR, 2008 WL 3200846, at **1-2 (S.D. Ill. Aug. 7, 2008). In *Palmer*, this Court explained that "the amount in controversy is determined by evaluating the plaintiff's complaint 'and the record as a whole.'" *Id.* at *2. The

defendant need only establish by a preponderance of the evidence that the plaintiff could stand to recover over $75,000 if he were to prevail, not that the plaintiff would in fact be awarded more than that amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

16. Where a plaintiff provides little information regarding the value of his claim, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* at 511; *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Once the defendant has satisfied this burden, the plaintiff may defeat federal jurisdiction "only if it appears to a legal *certainty* that the claim is really for less than the jurisdictional amount." *Id.* (emphasis added); *see also Spivey v. Virtrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). The allegations in Plaintiff's Complaint establish more than $75,000 is at controversy in the Action.

17. Plaintiff alleges that SWI violated BIPA at least four times a day when it required him to scan in to use the biometric time clock system when he arrived at work, when he ended his workday, as well as when he clocked in and out for lunches. (Ex. 1, Compl., ¶¶ 14, 33, 34, 37, 51, 56, 59). Plaintiff worked at SWI as a temporary worker beginning in December 2015, and as a full time employee from June 12, 2016, to December 17, 2016 at its location in Illinois. (Ex. 2, Villafana Decl., ¶¶ 5-6). Plaintiff used the time clock system at the SWI location in Illinois more than 16 times between January 15, 2016[2] and his termination on December 17, 2016. (Ex. 2, Villafana Decl., ¶ 7).

18. Plaintiff alleges SWI's actions were intentional and/or reckless and seeks $5,000

---

[2] The maximum applicable statute of limitations for Plaintiff's claims under BIPA is Illinois' "catch all" statute of limitations period of five (5) years pursuant to 735 ILCS 5/13-205. SWI does not concede that this statute of limitations period applies to these claims. However, solely for purposes of evaluating the amount in controversy, SWI will assume that this 5-year statute of limitations period may apply. Plaintiff filed his Complaint on January 15, 2021. (Ex. 1, Compl.).

for each intentional and/or reckless violation of BIPA. (Ex. 1, Compl., ¶¶ 84, 94, 103). As such, an allegation of merely sixteen violations would place at least $80,000 at issue. If, as Plaintiff appears to allege, each time he allegedly clocked in and out using his fingerprint is deemed to be a violation (an interpretation of the statute that SWI disputes), then the amount in controversy exceeds $75,000. SWI could owe a minimum of $5,000 for "each violation" of BIPA. *See* 740 ILCS 14/20. Thus, an allegation of mere sixteen (16) violations would place at least $80,000 at issue. Plaintiff alleges that as minimum, thus establishing the amount in controversy. Similarly, Plaintiff appears to allege each clock in/clock out constitutes four separate violations of BIPA. (Ex. 1, Compl., ¶ 15) (alleging SWI violated BIPA 740 ILCS 14/15, in four ways, under Sections (a), (b)(2), (b)(3), and (d)). As such, merely alleging four (4) clock in or clock out instances would suffice to meet the amount in controversy.[3]

19.     Finally, Plaintiff did not file a **binding** stipulation in state court prior to removal limiting his damages to less than $75,000 as the Seventh Circuit has required. *See In re: Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992) ("Litigants who want to prevent removal must file a binding stipulation or Declaration with their complaints"). As a result of the diversity of citizenship and amount in controversy, diversity jurisdiction is satisfied and removal is proper.

### CAFA Jurisdiction

20.     Removal jurisdiction exists because this Court has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil actions filed under federal or state law in which any member of a class of plaintiffs, which numbers at least 100, is a citizen of a state different from any defendant

---

[3] 4 (number of sections of BIPA allegedly violated) * 4 (number of times BIPA allegedly violated) * $5,000 (damages for reckless/intentional violations) = $80,000.00.

and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

21.     CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

22.     Plaintiff is a citizen of Illinois. (Ex. 1, Compl., ¶¶ 1, 4). (Ex. 2, Villafana Decl., ¶ 8).

23.     SWI is a corporation formed under the laws of the State of Texas with its principal place of business in Hutchins, Texas. (Ex. 2, Villafana Decl, ¶ 4). Therefore, SWI is a citizen of Texas and not Illinois.

24.     Thus, diversity for purposes of CAFA is satisfied because the Named Plaintiff is a citizen of Illinois and SWI is a citizen of Texas.

25.     SWI is not a state, state official, or other governmental entity, as required by 28 U.S.C. § 1332(d)(5)(A).

26.     The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B). The SWI location in Illinois last used a time clock system that included scanning a portion of a worker's fingertip on December 23, 2016. (Ex. 2, Villafana Decl., ¶ 10). In 2016, SWI's one location in Illinois was located in Bolingbrook, Illinois. (Ex. 2, Villafana Decl., ¶ 9). While SWI denies that its time clock system captured biometrics of Plaintiff or the Class alleged in the Complaint, within the state of Illinois, 865 workers used a time clock system that scanned a portion of their fingertip between January 15, 2016[4] and December 13, 2016. (*Id.*, ¶ 11). Accordingly, the putative class consists of more than 100 individuals.

---

[4] Again, although SWI does not concede the five year statute of limitations of 735 ILCS 5/13-205 applies to BIPA claims, solely for the purposes of evaluating the amount in controversy has SWI assumed it may apply.

27. Though Plaintiff's Complaint is silent as to the total amount of damages claimed, his pleadings and putative class plausibly place more than $5,000,000 in controversy. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006); *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

28. Plaintiff alleges SWI's actions were intentional and/or reckless and seeks $5,000 for each intentional and/or reckless violation of BIPA. (Ex. 1, Compl., 84, 94, 103). Plaintiff appears to allege each clock in/clock out constitutes four separate violations of BIPA. (Ex. 1, Compl., ¶ 15) (alleging SWI violated BIPA 740 ILCS 14/15, in four ways, under Sections (a), (b)(2), (b)(3), and (d)). 882 workers have used a time clock system that scanned a portion of their fingertip between January 15, 2016[5] and December 13, 2016. (*Id*., ¶ 8.) Accordingly, if SWI is found to have willfully committed all four alleged violations of BIPA with respect to each of the 882 putative class members, even once for each putative class member, the amount in controversy is $17,300,000[6] exclusive of attorneys' fees. Moreover, if Plaintiff intends to allege each use of the time clock is a separate violation, as it appears he does by alleging specific use of the time clock to clock in and out at the beginning and end of day and for each lunch (Ex. 1, Compl., ¶¶ 14, 33, 34, 37, 51, 56, 59), this amount would be even higher.[7]

29. While SWI denies the validity and merit of all of Plaintiff's claims and denies his requests for relief thereon, the factual allegations in Plaintiff's Complaint put the total amount of damages at issue in this action in excess of $5,000,000, which exceeds this Court's jurisdictional minimum under CAFA.

---

[5] Again, although SWI does not concede the five year statute of limitations of 735 ILCS 5/13-205 applies to BIPA claims, solely for the purposes of evaluating the amount in controversy has SWI assumed it may apply.

[6] 865 (number of putative class members) * 4 (number of sections of BIPA allegedly violated) * $5,000 (damages for reckless/intentional violations) = $17,300,000.00.

[7] 865 (number of putative class members) * 4 (number of sections of BIPA allegedly violated) * 4 (number of times BIPA allegedly violated) * $5,000 (damages for reckless/intentional violations) = $69,200,000.00.

30.     As a result of the diversity of citizenship and amount in controversy, removal of this Action under CAFA is appropriate.

### *Compliance With Procedural Requirements*

31.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within 30 days of SWI being served with the Complaint on January 20, 2021.

32.     Attached as **Exhibit 3** is a true and correct copy of the Notice to Plaintiff of Filing of Notice of Removal, the original of which is being served upon Plaintiff Ashley Norwood, as required by 28 U.S.C. § 1446(d), through his attorneys, Brandon M. Wise and Paul A. Lesko of Peiffer, Wolf, Carr, Kane & Conway, APLC, 818 Lafayette Ave., Floor 2, St. Louis, MO 63104.

33.     A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of Cook County.  Attached as **Exhibit 4** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of Cook County, as required by 28 U.S.C. § 1446(d).

34.     SWI files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant Shippers Warehouse of Illinois, Inc., hereby removes this Action from the Circuit Court of Cook County, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated:  February 18, 2021         Respectfully Submitted,

*s/ Charles E. Reis, IV*
Charles E. Reis, IV, ARDC #6186508
LITTLER MENDELSON, P.C.
600 Washington Avenue, Suite 900
St. Louis, Missouri 63101
creis@littler.com
Phone:  314-659-2000

Orly Henry, ARDC #6306153
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
ohenry@littler.com
Phone: 312-372-5520

*Attorneys for Defendant Shippers*
*Warehouse of Illinois, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 18, 2021, I caused the foregoing to be filed with the Clerk of the Court using CM/ECF and served upon the below attorneys of record via electronic mail:

Brandon M. Wise
Paul A. Lesko
PEIFFER WOLF CARR & KANE, APLC
818 Lafayette Ave., Floor 2
St. Louis, MO 63104
*bwise@peifferwolf.com*
*plesko@peifferwolf.com*

*Attorneys for Plaintiff*

*s/ Charles E. Reis, IV*
One of Defendant's Attorneys

4813-4358-9083.5 110864.1001