**United States District Court**
**Northern District of Illinois, Eastern Division**

| | |
|---|---|
| **Ashley Norwood**, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.: 1:21-cv-00917 |
| v. | Hon. Virginia M. Kendall |
| **Shippers Warehouse of Illinois, Inc.**, | |
| Defendant. | |

**Plaintiff's Unopposed Motion and Memorandum in Support of Preliminary Approval Of Class Action Settlement Pursuant to Federal Rule of Civil Procedure 23(e)[1]**

Plaintiff Ashley Norwood ("Plaintiff"), individually and on behalf of the purported class, respectfully moves the Court for Preliminary approval of the parties' class action settlement, in accordance with Federal Rule of Civil Procedure 23(e)'s procedures. In support of his Motion, Plaintiff states as follows:

**Introduction**

Plaintiff brought a putative class action on January 15, 2021, against Shippers Warehouse of Illinois, Inc. ("Defendant"), asserting claims under the Illinois Biometric Information Privacy Act ("BIPA"), 740 Ill. Comp. Stat. § 14/1, *et seq*. Defendant denies these allegations, denies violation of any law, and denies all liability. The Parties have reached a proposed settlement that provides all Class Members with the ability to receive a share of the proposed Settlement Fund. *See* Settlement Agreement and Release (the "Settlement Agreement"), attached hereto as Exhibit 1. The Settlement Agreement provides significant relief to an estimated 865 individuals comprising the class and establishes a cash settlement fund in the amount of $865,000.00, from

---

1 Defendant does not oppose plaintiff's motion or the assertions herein for purposes of seeking preliminary settlement approval only and otherwise reserves all defenses and positions.

which Class Members who do not exclude themselves from the Class will be compensated. If approved, the Settlement Agreement will bring certainty, closure, and significant and valuable relief for individuals to what otherwise would likely be contentious and costly litigation regarding Defendant's alleged unlawful collection, use, storage, and dissemination of individuals' alleged biometric identifiers and/or biometric information.

Mr. Norwood now seeks preliminary approval of the Settlement, certification of a class for settlement purposes, appointment of class counsel and approval of the proposed form and method of class notice. This Motion describes in detail the reasons why preliminary approval is in the best interests of the class and is consistent with Rule 23(e). As discussed in more detail below, the most important consideration in evaluating the fairness of a proposed class action settlement is the strength of Plaintiff's case on the merits balanced against the relief obtained in the settlement. *See Am. Int'l Grp., Inc. et al v. ACE INA Holdings, et al.*, Nos. 07-cv-2898, 09-cv-2026, 2012 WL 651727 (N.D. Ill. Feb. 28, 2012). While Plaintiff believes he could secure class certification and prevail on the merits at trial, success is not guaranteed, particularly given the uncertainty in the law surrounding BIPA and Defendant's position to the contrary and preparedness to defend this case. The terms of the Settlement, which includes a Settlement Fund providing Class Members the ability to receive meaningful cash compensation meet and exceed the applicable standards of fairness. Accordingly, the Court should preliminarily approve the Settlement so that Class Members can receive notice of their rights and the claims administration process may begin.

**<u>Background</u>**

**A. BIPA**

The Illinois Biometric Information Privacy Act is an Illinois statute that provides individuals with certain protections for biometric data covered by the statute. To effectuate its

purpose, BIPA requires private entities that seek to use biometric identifiers (*i.e.*, hand geometry or fingerprint) and biometric information (any information "based on an individual's biometric identifier used to identify an individual") to, in general:

1. Inform the individual in writing that biometric identifiers and/or biometric information will be collected, stored, used, or disseminated;

2. Inform the individual in writing of the specific purpose and length of time for which such biometric identifiers and/or information is being collected, stored, used, and disseminated;

3. Obtain a written release from the individual allowing the capture, collection, storage, use, and dissemination of their biometric identifiers and/or information; and

4. Publish a publicly available retention schedule and guidelines for permanently destroying biometric identifiers and/or information.

740 Ill. Comp. Stat. § 14/10, 15.

BIPA was enacted in large part to protect certain individual biometric data, provide individuals with a means of enforcing their statutory rights and protecting biometric information, and regulate the practice of collecting, using, and disseminating such sensitive information.

**B.     Procedural History**

Plaintiff filed his Class Action Complaint in the Circuit Court of Cook County on January 15, 2021. In his Complaint, Mr. Norwood alleges that Defendant utilized biometric timekeeping devices at its location in Illinois and that its employees used the devices when clocking into and out of work. Plaintiff alleged that Defendant failed to comply with BIPA by: (1) failing to inform individuals in writing that it will be capturing, collecting, storing, using, and disseminating biometric data (*i.e.*, statutorily-defined biometric identifiers and/or information) prior to doing so; (2) failing to obtain a written release for the capture of biometric data prior to such capture; (3) failing to inform individuals in writing of the specific purpose and length of time for which biometric data is captured; and (4) failing to publish a publicly available retention schedule and

guidelines for permanently destroying biometric data. On February 18, 2021, Defendant timely removed the suit to this Court; Plaintiff declined to challenge such removal.

On February 19, 2021, Defendant filed a Motion to Stay pending the resolution of various cases before the Illinois Supreme Court and First Appellate District. Plaintiff contested such a stay and after briefing the arguments and conducting a hearing on the merits, on September 15, 2021, the Court granted Defendant's Motion. For the balance of this Litigation the Stay would remain in place despite Plaintiff's efforts to lift the stay and proceed with litigation

At the same time this case was removed to federal court, the parties began exploring the possibility of an early resolution. By January 2023, the Parties had escalated their settlement discussions and on January 24, 2023, attended a formal mediation supervised by the Honorable Sidney Schenkier (Ret.) at JAMS in Chicago, Illinois. On January 31, 2023, the Parties agreed to and accepted the proposed settlement terms.. Thereafter, the Parties negotiated additional terms and conditions related to Settlement, including the Notice Form provided to Class Members, the scope of the release, the Preliminary Approval Order, confidentiality, and settlement benefits. These extensive negotiations culminated in the Settlement Agreement for which the Parties now seek preliminary approval, attached hereto as Exhibit 1.

## Proposed Settlement Agreement

## I.  THE PROPOSED SETTLEMENT

### A.  The Settlement Class

The proposed Settlement would establish a Class defined as follows:

All individuals within the state of Illinois who created a fingerprint scan as part of clocking in and out for work at Shippers Warehouse of Illinois, Inc. from January 15, 2016 through the date the Preliminary Order is entered..

Exhibit 1, ¶ 41. The Parties estimate that the size of the Class is approximately 865 individuals.

B.      **The Settlement Fund**

The proposed Settlement will establish a Settlement Fund of $376,200.00. Exhibit 1, ¶ 38. Each Class Member who does not timely and properly opt out will receive an equal share of the Settlement Fund, after first deducting approved amounts for notice and administration costs, attorneys' fees and costs, and an incentive award to Plaintiff from the Settlement Fund. Id. at § V. Any unclaimed or undistributed amounts from the Settlement Fund (including checks disbursed to Class Members that are uncashed after 90 days of issuance, for any reason) will be equally divided between Defendant and *cy pres* recipient Re: United Travel, a 501(c)(3) corporation that provides travel opportunities for disadvantaged youth from Illinois' marginalized communities. Id., at ¶ 47.

C.      **Notice and Settlement Administration**

The claims at issue in this litigation primarily consist of Defendant's alleged violations of BIPA with respect to a group of individuals alleged to be Defendant's employees. Accordingly, to reach as many potential Class Members as possible, notice will be provided via direct mail notice by U.S. Mail and email, where available, to all Class Members; Exhibit 1, § IX.

D.      **Exclusion and Objection Procedures**

Class Members will have an opportunity to exclude themselves from the Settlement or object to its approval. The procedures and deadlines for filing exclusion requests and objections, *see* Exhibit 1, ¶¶ 59-63, will be identified in the Notice directly sent to Class Members. The Notices inform Class Members that the Fairness Hearing will be their opportunity to appear if they choose to do so and have their objections heard. The notices also inform Class Members that they will be bound by the Release contained in the Settlement Agreement unless they exercise their right to exclusion in a proper and timely manner. *See* Exhibit 1, ¶ VII; *see also* Exhibit A to the Settlement Agreement.

### E. Release

In exchange for the relief described above, Class Members who do not exclude themselves will provide Defendant and the Releasees a full release of all "Released Claims," generally including claims, arising out of, related to, or connected with the alleged capture, collection, storage, possession, transmission, conversion, disclosure, and/or other use of biometric identifiers and/or biometric information in connection with Defendant's alleged biometric time tracking system or time clock. Exhibit 1, ¶¶ 34, 51.

## II. Class Action Settlement Procedure

The well-defined class action settlement procedure includes three distinct steps:

1. Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval;

2. Dissemination of mailed and/or published notice of settlement to all affected class members; and

3. A final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

See Fed. R. Civ. P. 23(e); see also Herbert B. Newberg & Alba Conte, Newberg on Class Actions, § 11.22 et seq. (4th ed. 2002). This process safeguards Class Members' procedural due process rights and enables the Court to fulfill its role as guardian of Class interests. With this motion, Plaintiff requests that the Court take the first step – granting preliminary approval of the Settlement Agreement, approving the proposed Notice and ordering its distribution.

### A. The Terms of the Settlement Are Fair and Reasonable and Warrant Preliminary Approval.

The Settlement represents a fair and reasonable resolution of this dispute and is worthy of notice to and consideration by the Class Members. It will provide significant financial relief to

participating Class Members as compensation for their Released Claims and will relieve the Parties of the burden, uncertainty and risk of continued litigation.

Courts review proposed class action settlements at two distinct stages. Conte & Newberg, 4 *Newberg on Class Actions*, § 11.25, at 38-39 (4th ed. 2002); *see, e.g., Kaufman v. Am. Express Travel Related Servs. Co.*, 264 F.R.D. 438, 447 (N.D. Ill. 2009). The first stage is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." *Newberg*, § 11.25, at 38-39; *Armstrong v. Board of Sch. Dirs. Of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds*; *Sabon*, 2016 IL App. (2d) 150236, ¶4. The preliminary approval hearing is not a fairness hearing, but rather a hearing to ascertain whether there is any reason to notify the class members of the proposed settlement based on the written submissions and informal presentation from the settling parties. *Manual for Complex Litigation*, § 21.632 (4th ed. 2002). If the Court finds the settlement proposal "within the range of possible approval," the case proceeds to the second stage in the review process: the final approval hearing. *Newberg*, § 11.25, at 38-39.

Because the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide complete victory, given that parties to a settlement "benefit by immediately resolving the litigation and receiving some measure of vindication for [their] position[s] while foregoing the opportunity to achieve an unmitigated victory." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 347 (N.D. Ill. 2010) (internal quotations and citation omitted); *see also GMAC Mortgage Corp. of Pa. v. Stapleton*, 236 Ill. App. 3d 486, 493 (1st Dist. 1992) ("The court in approving [a class action settlement] should not judge the legal and factual questions by the same criteria applied in a trial on the merits"). There is a strong judicial and public policy favoring the settlement of class action litigation, and such a

settlement should be approved by the Court after inquiry into whether the settlement is "fair, reasonable, and adequate." *Isby v. Bayh*, 75 F.3d 1191, 1198 (7th Cir. 1996); *See Molinari v. Fin. Asset Mgmt. Sys., Inc.*, No. 18-CV-01526, 2021 WL 5832788, at *1 (N.D. Ill. Nov. 22, 2021). "Although this standard and the factors used to measure it are ultimately questions for the fairness hearing that comes after a court finds that a proposed settlement is within approval range, a more summary version of the same inquiry takes place at the preliminary phase." *Kessler v. Am. Resorts Int'l.*, No. 05-cv-5944, 2007 WL 4105204, at *5 (N.D. Ill. Nov. 14, 2007) (citing *Armstrong*, 616 F.2d at 314).

The factors ultimately to be considered by a court are: "[1] the strength of plaintiffs' case compared to the amount of defendants' settlement offer, [2] an assessment of the likely complexity, length and expense of the litigation, [3] an evaluation of the amount of opposition to settlement among affected parties, [4] the opinion of competent counsel, and [5] the stage of the proceedings and the amount of discovery completed at the time of settlement." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006) (citing *Isby*, 75 F.3d at 1199); *see also Armstrong*, 616 F.2d at 314. Of these considerations, the first is the most important. Id., at 653.

Even a preliminary application of these factors to this case demonstrates that the proposed settlement is fair, reasonable, and adequate. As to the first factor and second factors, the settlement in this case provides substantial material benefits to the Class: every Class Member (who does not exclude themselves) will receive a monetary payment from the Settlement Fund after deductions for administrative expenses, fees and costs, and an incentive award obviating the need for prolonged litigation, including vigorous motions practice and extensive discovery into Defendant's alleged collection practices.

While Plaintiff believes he would likely prevail on his claims, he is also aware that Defendant has expressed a firm denial of his material allegations and the intent to pursue several legal and factual defenses including but not limited to whether timekeeping system at issue is subject to BIPA, and that Plaintiff has not adequately pled a violation of the BIPA such that he may receive liquidated damages. If successful, these and other potential defenses would result in Plaintiff and the proposed Class Members receiving no payment whatsoever. Taking these realities into account and recognizing the risks involved in any litigation, the monetary relief available to each Class Member in the Settlement represents a truly excellent result for the Class.

The amount of the Settlement Fund and the payments to Class Members are particularly significant in light of the risks of ongoing litigation. If Defendant were to succeed on any of its defenses to liability against Plaintiff's claims, Class Members would recover nothing. In addition to any defenses on the merits Defendant would raise, Plaintiff would also otherwise be required to prevail on a class certification motion, which would be highly contested and for which success is certainly not guaranteed. *See Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011) ("Settlement allows the class to avoid the inherent risk, complexity, time and cost associated with continued litigation") (internal citations omitted). "If the Court approves the [Settlement], the present lawsuit will come to an end and [Class Members] will realize both immediate and future benefits as a result." *Id*. Approval would allow Plaintiff and the Class Members to receive meaningful and significant payments now, instead of years from now or never. *Id*. at 582.

In the absence of settlement, it is certain that the expense, duration, and complexity of the protracted litigation that would result would be substantial. Not only would the Parties have to undergo significant motion practice before any trial on the merits is even contemplated, but evidence and witnesses including potentially expert witnesses would have to be assembled for any

9

trial. Further, given the complexity of the issues and the amount in controversy, the defeated party would likely appeal both any decision on the merits as well as on class certification. As such, the immediate and considerable relief provided to the Class under the Settlement Agreement weighs heavily in favor of its approval compared to the inherent risk and delay of a long and drawn out litigation, trial, and appeals. Defendant's ability to pay, further supports the settlement. Any judgment finally entered against Defendant would likely be much higher than their exposure from the Settlement and could constitute a very significant loss to Defendant, as BIPA provides for statutory damages of $1,000 per negligent violation and $5,000 per intentional or reckless violation, with the appropriate application of such damages in the BIPA context not yet having been resolved.

With respect to the third factor, opposition, there is no opposition to the Settlement, and due to the strength of this Settlement and the amount of the award that Class Members can claim, Plaintiff expects little to no opposition to the Settlement by any Class Member in the future. Plaintiff himself ardently approves the Settlement and believes that it is a fair and reasonable settlement in light of the defenses raised by Defendant and the potential risks involved with continued litigation.

As to factor four, Plaintiff's counsel believe that the proposed Agreement is in the best interest of the Class Members because they will be provided an immediate payment instead of having to wait for the litigation and any subsequent appeals to run their course. Further, due to the defenses that Defendant has indicated that it would raise should the case proceed through litigation – and the resources that Defendant has committed to defend and litigate this matter – it is possible that the Class Members would receive no benefit whatsoever in the absence of this Settlement. Given Plaintiff's counsel's extensive experience litigating similar class action cases in federal and

state courts across the country, including dozens of other BIPA cases, this factor also weighs in favor of granting preliminary approval. *See GMAC*, 236 Ill. App. 3d at 497 (finding that the court should give weight to the fact that class counsel supports the class settlement in light of its experience prosecuting similar cases).

Moreover, there is an initial presumption that a proposed settlement is fair and reasonable when it was the result of arms-length negotiations. *Newberg*, § 11.42. Here, the Settlement was reached only after highly-contested, arm's-length negotiations, between counsel for the Parties, both of which are highly experienced in class action and BIPA litigation, and which occurred over the course of months. Such an involved process underscores the non-collusive nature of the proposed Settlement. Finally, given the excellent result for the Class in terms of the monetary relief made available it is clear that this Settlement was reached as a result of good-faith negotiations rather than any collusion between the Parties.

Finally, with respect to factor five, the Settlement was reached before the Parties expended substantial time or effort completing discovery. Had the Parties not reached an agreement, this case would have proceeded further into discovery, dispositive motions, and class certification, with the Parties being required to expend substantial resources to go forward with their respective claims and defenses, all while facing a significant risk regarding any decision on the merits of the case and whether a class should be certified.

Although there are numerous other BIPA class settlements with which to compare the instant proposal, the Court need not be limited to this practice area as to the fairness, reasonableness, and adequacy of the instant Settlement. Many of the previously approved settlements provide for less value than the settlement at bar. For example, in *Sekura v. L.A. Tan Enterprises, Inc.*, No. 2015-CH-16694 (Cir. Ct. Cook Cnty., Ill. 2016), the BIPA class settlement

resulted in each class member being eligible to receive a *pro rata* share of a settlement fund that would have amounted to approximately $40 per person if each class member had submitted a valid claim. In *Carroll v. Crème de la Crème, Inc.*, No. 2017-CH-01624 (Cir. Ct. Cook Cnty., Ill. 2018), the settlement resulted in each class member being eligible to enroll in credit and identity monitoring services free of charge without further monetary relief. In *Taylor v. Sunrise Senior Living Mgmt., Inc.*, 2017-CH-15152 (Cir. Ct. Cook Cnty., Ill. 2018), the settlement resulted in class members receiving a gross amount of $115 or $40 depending on whether the claim accrued within 2 years or 5 years to account for older claims potentially being time-barred. In *Zepeda v. Intercontinental Hotels Group, Inc.*, No. 2018-CH-02140 (Cir. Ct. Cook Cnty., Ill. 2018), the settlement provided each class member being eligible to receive a *pro rata* share of a settlement fund that would amount to approximately $500 per person before deductions for administrative expenses, attorneys' fees and costs, and an incentive award. Here, the Settlement provides each class member $900.00 before attorneys' fees, costs, administrative expenses, and a service award to Plaintiff are deducted from the Settlement Fund. That will be the case regardless of how many Class Members file a valid claim. This result is fair, reasonable, and adequate and warrants Court approval.

      **B.**     **The Proposed Class Notice Provides Adequate Notice to the Class and Should be Approved**

The content of the proposed Notice, which is attached to the Settlement Agreement as Exhibit A, fully complies with Due Process and Rule 23 and therefore should be approved for distribution to the Class. According to Rule 23, Notice must be: "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Moreover, such notice must include "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv)

that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Id. The proposed Notice contains all the required terms and conditions and satisfies the framework provided by Rule 23.

The proposed Notice in this case satisfy both the requirements of Rule 23 and due process. As set forth in detail in Paragraph 2.4 of the Settlement Agreement, there is a highly detailed notice plan that incorporates traditional paper notice, which is designed to reach as many potential Class Members as possible, and email where available. Direct notice of the Settlement will be sent to all Class Members whom Defendant has identified as having used the applicable timekeeping system during the relevant time period. The direct notice process should be very effective at reaching the Class Members given the relationship between Defendant and Class Members. The proposed Notice is attached as Exhibit A to the Settlement Agreement and should be approved by the Court. As such, the proposed methods of notice comport with Rule 23 and the requirements of due process.

## C. The Court Should Grant Class Certification for Settlement Purposes.

For settlement purposes only, the Parties have agreed that the Court should make preliminary findings and enter an Order granting provisional certification of the Class and appoint Plaintiff and his counsel to represent the Class. "The validity of use of a temporary settlement class is not usually questioned." *Newberg*, §11.22. The *Manual for Complex Litigation* explains the benefits of settlement classes:

> Settlement classes – cases certified as class actions solely for settlement – can provide significant benefits to class members and enable the defendants to achieve final resolution of multiple suits. Settlement classes also permit defendants to settle while preserving the right to contest the propriety and scope of the class allegations

13

if the settlement is not approved[.]…An early settlement produces certainty for the plaintiffs and defendants and greatly reduces litigation expenses.

*Manual for Complex Litigation* (Fourth) § 21.612.

Before granting preliminary approval of a class action settlement, a court should determine that the proposed settlement class is a proper class for settlement purposes. *Id*. § 21.632; *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *see Kaufman v. American Express Travel Telated Services, Co.*, 246 F.R.D. 438, 441-442 (ND. Ill. 2009). A class may be certified under Rule 23 of the Federal Rules of Civil Procedure if the following "prerequisites" are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interest of the class; and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy.

When reviewing a request for preliminarily approve of a proposed class settlement, the court's evaluation may be more relaxed than when considering a contested motion for class certification or an entry of a final order. Regardless, the Court must still decide whether the proposed Class satisfies the requirements of Rule 23(a).

Rule 23(a)'s first requirement is that the proposed class is so numerous that joinder of all parties is impracticable. The rule provides no firm number but, courts have held that numerosity can be satisfied where more than 40 putative class members exist. *See Kurgan v. Chiro One Wellness Centers. LLC*, No. 10 Civ. 1899, 2014 WL 642092, at *5 (N.D. Ill. Feb. 19, 2014). Here, 418 of Defendant's current and former employees comprise the putative class. *Compare Kurgan*, at *5 (finding 374 members is sufficiently numerous to satisfy the numerosity requirement). This

number is far in excess of the forty class members typically used as a benchmark. Accordingly, the ***numerosity*** requirement is satisfied.

Rule 23(a)'s second requirement is that common questions of law or fact predominate the class. "Commonality requires that there be at least one question of law or fact common to the class." *Barragan v. Evanger's Dog & Cat Food Co.*, 259 F.R.D. 330, 334 (N.D. Ill. 2009), quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Common questions of law or fact are found when claims of individual members have their genesis in the same statute or are aggrieved by the same conduct. *Kurgan*, at \*6.

In this case, and for purposes of evaluating whether a settlement class is appropriate, all members of the proposed Class share a common statutory claim, one or more violations of BIPA: the alleged collection, storage, use, and dissemination of Class Members' biometrics without consent. Proving a BIPA violation would require the resolution of some of the same factual and legal issues, including: (1) whether the information taken from Class Members constituted biometric identifiers or biometric information as defined by BIPA; (2) whether such information was taken without the consent required under BIPA; (3) whether Defendant had a BIPA-compliant, publicly-available, written policy addressing retention and storage of biometric identifiers and information; and (4) whether such conduct violated BIPA. Predominance is satisfied "when there exists generalized evidence that proves or disproves an element on a simultaneous, class-wide basis… Such proof obviates the need to examine each class member's individual position." *Golon v. Ohio Savs. Bank*, No. 98-cv-7430, 1999 WL 965593, at \*4 (N.D. Ill. Oct. 15, 1999). Here, the common questions resulting from Defendant's alleged conduct predominate over any individual issues that may exist and can be answered on a class-wide basis based on common evidence maintained by Defendant. Accordingly, the ***commonality*** requirement is satisfied.

Rule 23(a)'s third requirement is that the plaintiff's claims are typical of the injury suffered by the class and that they arise form or a based on the same legal theory giving rise to the action. *Kurgan*, 2014 WL 642092, at *7. "Typicality and commonality are closely related, [ but] Typical does not mean identical, and the typicality requirement is liberally construed." Id. at *7 (internal quotation omitted).

Plaintiff's claims are typical of the claims of the Class at large because they arise from the same course of action by Defendant: Defendant's alleged failure to comply with BIPA's statutory requirements. Plaintiff alleges that Defendant failed to properly inform him and others similarly situated in writing of the specific purpose and length of time for which their biometric data was collected, stored, disseminated, and used; the alleged failure to provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and other similarly-situated individuals' biometric data; and the alleged failure to obtain written consent prior to collecting, storing, using, and disseminating Plaintiff's and Class Members' biometric data. While there may be *de minimis* factual differences between each individual claim, those claims are still based on the same legal theory. Accordingly, the ***typicality*** requirement is satisfied.

Rule 23(a)'s fourth requirement is adequate representation provided both by the named plaintiff and class counsel—can the representative party fairly and adequately protect the interests of the class? *King v. State Farm Mut. Auto. Ins. Co.*, No. 1:19-CV-1120-JES-TSH, 2020 WL 4784733, at *5 (C.D. Ill. Aug. 18, 2020) (citing *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993)).

Here, Mr. Norwood's interests are entirely representative of and consistent with the interests of the proposed Class: all have allegedly had their biometric data obtained and used by Defendant in a manner inconsistent with the legal protections provided by BIPA. Plaintiff's

16

pursuit of this matter has demonstrated that he has been, and will remain, a zealous advocate for the Class. Thus, Mr. Norwood's interests are closely aligned with the Class.

Similarly, proposed Class Counsel have regularly engaged in major complex litigation, have extensive experience in class action lawsuits, and indeed, have been among the forerunners in pursuing BIPA class actions on behalf of aggrieved employees. *See* Exhibit 2, Peiffer Wolf Carr Kane Conway & Wise, LLP Firm Resume. Accordingly, Plaintiff's counsel will adequately represent the Class for settlement purposes.

Once Rule 23(a) is satisfied, the Court must turn to Rule 23(b) which requires that the Court find "[1] questions of law or fact common to class members predominate over any questions affecting only individual members, and [2] that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *King*, 2020 WL 4784733, at *5.

Pertinent considerations include: "[1] the class members' interests in individually controlling the prosecution or defense in separate actions; [2] the extent and nature of any litigation concerning the controversy already begun or against class members; [3] the desirability of concentrating the litigation claims in the particular forum; and [4] the likely difficulties in managing a class action." Id. at *5. A class action is "intended to cover cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Id., at *5. The fact that numerosity, commonality, typicality, and adequacy of representation have all been demonstrated in the instant case makes it clear that the requirements of Rule 23(c) is satisfied as well.

Moreover, here a class action is superior to multiple individual actions because litigation costs are high, the statutory liquidated damages are limited making individual legal actions cost prohibitive. This is especially true in cases involving BIPA, which would otherwise result in many relatively small, individual claims. *See CE Design Ltd.*, 2015 IL App (1st) 131465, ¶¶ 27-28 (finding that a class action is a superior vehicle for resolving the class members' TCPA claims and that "[t]here is no doubt that certifying the class in this case, where there are potentially thousands of claimants, is an efficient and economical way to proceed and will prevent multiple suits and inconsistent judgments").

This case is particularly well suited for class treatment because the claims of Plaintiff and the proposed Class Members involve identical alleged violations of a state statute for the alleged unauthorized collection, storage, use, and dissemination of Class Members' biometric data while failing to comply with BIPA. It is thus unlikely that individuals would invest the time and expense necessary to seek relief through individual litigation. Moreover, because the action will now settle, the Court need not be concerned with issues of manageability relating to trial. When "confronted with a request for settlement only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems…for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620.

A class action is the superior method of resolving large-scale claims if it will "achieve economies of time, effort, and expense, and promote… uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 615. Accordingly, a class action is the superior method of adjudicating this action and the proposed Class should be certified.

**III.     CONCLUSION**

18

For the foregoing reasons, Plaintiff Ashley Norwood respectfully requests that the Court enter an Order: (1) appointing Ashley Norwood as the Class Representative; (2) appointing Brandon Wise and Adam Florek of Peiffer Wolf Carr Kane Conway & Wise, LLP as Class Counsel; (3) preliminarily approving the proposed Settlement Agreement; (4) approving the form and methods of the proposed Notice; (5) ordering the issuance of Notice; and (6) granting such further relief as the Court deems reasonable and just.

Date:   May 22, 2023                    Respectfully Submitted,

                                        */s/ Adam Florek*
                                        Brandon M. Wise
                                        Adam Florek
                                        **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
                                        818 Lafayette Ave., Floor 2
                                        St. Louis, MO 63104
                                        314-833-4825
                                        bwise@peifferwolf.com
                                        aflorek@peifferwolf.com

                                        **ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2023, I filed the foregoing document with the clerk of the Court using the CM/ECF, which should further distribute a true and accurate copy of the foregoing to all counsel of record.

/s/ Adam Florek

## SETTLEMENT AGREEMENT AND RELEASE

*Norwood v. Shippers Warehouse of Illinois, Inc.*; 1:21-cv-00917
United States District Court, Northern District Of Illinois

This Settlement Agreement and Release ("Agreement" or "Settlement Agreement") is entered into by and between Plaintiff Ashley Norwood ("Plaintiff" or "Norwood"), individually and on behalf of the Settlement Class, and Defendant Shippers Warehouse of Illinois, Inc. ("Defendant"), in the case of *Norwood v. Shippers Warehouse of Illinois, Inc.*; Case No. 1:21-cv-00917, currently pending in the United States District Court For The Northern District Of Illinois, (the "Litigation"). Plaintiff and Defendant are each referred to individually as "Party" and collectively as the "Parties."

## OVERVIEW OF SETTLEMENT TERMS

For reference, a general overview of the Settlement Terms are:

Class Definition:

> All individuals within the state of Illinois who created a fingerprint scan as part of clocking in and out for work at Shippers Warehouse of Illinois, Inc. from January 15, 2016, through the date the Preliminary Approval Order is entered.

| | |
|---|---|
| Number of Class Members: | 865 |
| Settlement Fund Created: | $865,000.00 |
| Settlement Administrator: | [TBD] |
| Time to Class List: | 14 Days From Preliminary Approval |
| Time to Effectuate Notice: | 28 Days From Preliminary Approval |
| Time to File an Object or File Exclusion: | 60 Days From Preliminary Approval |
| Time for Final Approval Papers: | 14 Days Before Final Approval |
| Time for Final Hearing Date: | 90 Days From Preliminary Approval |

## I.    FACTUAL BACKGROUND AND RECITALS

1.    On January 15, 2021, Plaintiff Ashley Norwood filed his Class Action Complaint against Defendant in the Circuit Court of Cook County, County Department, Chancery Division. The case, *Norwood v. Shippers Warehouse of Illinois, Inc.*; 2021-ch-0207, alleged violations of the Illinois Biometric Information Privacy Act ("BIPA") 740 ILCS 14/1 *et seq.*, and sought injunctive relief for violations of BIPA individually and on behalf of others similarly situated. Thereafter, on February 18, 2021, Defendant timely removed the Lawsuit to the United States District Court for the Northern District of Illinois.

2.    On February 19, 2021, Defendant filed a Motion to Stay pending the resolution of various cases before the Illinois Supreme Court and First Appellate District. On September 15, 2021, the Court granted Defendant's Motion.

3.    During the pendency of the Litigation, the Parties have engaged in intermittent settlement negotiations. With the various cases on appeal coming to a resolution the Parties intensified their settlement negotiations and on January 24, 2023, attended a formal mediation supervised by the Honorable Sidney Schenkier (Ret.) at JAMS in Chicago, Illinois.

4.    Following arms-length negotiations, the Parties negotiated a settlement by which the Parties agree to resolve all matters pertaining to, arising from, or associated with the Litigation, and as set forth herein, all claims Plaintiff and members of the Class he seeks to represent for purposes of the Settlement, have or may have had against the Defendant, its respective direct or indirect parents and subsidiaries, brands, owners, shareholders, directors, officers, agents, managers, employees, assignors, representatives, and all related and affiliated parent or subsidiary companies and divisions, through the date on which the Parties sign this Agreement. Defendant represents that no more than 865 of its employees in Illinois utilized the Timekeeping System at issue in this Litigation, and Defendant recognizes that this representation, within a percentage defined below, is a material term of this Settlement Agreement.

5.    The Parties have agreed to settle the Litigation on the terms and conditions set forth herein in recognition that the outcome of the Litigation is uncertain and that achieving a final result through litigation would require substantial additional risk, discovery, time, and expense.

6.    Defendant denies and continues to deny each and every allegation and all charges of wrongdoing or liability of any kind whatsoever that Plaintiff or members of the Settlement Class presently have asserted in this Litigation or may in the future assert. Despite Defendant's belief that it is not liable for and has good defenses to the claims alleged in the Litigation, Defendant desires to settle the Litigation and thus avoid the expense, risk, exposure, inconvenience, and distraction of continued litigation of any action or proceeding relating to the matters being fully settled and

finally put to rest in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or discussion thereof, is or may be deemed to be or may be used as an admission of or evidence of any wrongdoing or liability.

7.     The Parties now seek to enter into this Settlement Agreement. Plaintiff and Class Counsel have conducted an investigation into the facts and the law regarding the litigation and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiff and the Settlement Class, recognizing (a) the existence of complex and contested issues of law and fact; (b) the risks inherent in litigation; (c) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (d) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (e) the Plaintiff's determination that the Settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

8.     Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their best respective interests.

9.     In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Litigation be settled and compromised, and that the Releasors release the Defendant and the Releasees of the Released Claims, without costs as to Defendant, Releasees, Plaintiff, Class Counsel, or the Settlement Class, except as explicitly provided for in this Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.     DEFINITIONS

The following terms, as used in this Agreement, have the following meanings:

10.     "Administrative Expenses" shall mean expenses associated with the Settlement Administrator, including but not limited to costs in providing notice, communicating with the Settlement Class Members, and disbursing payments to the proposed Settlement Class Members. Defendant shall be responsible for paying all Administrative Expenses up to a maximum of $10,000.00.

11.     "Timekeeping System" shall mean the timekeeping technology used by Shippers Warehouse of Illinois, Inc. in Illinois at any time from January 15, 2016, through the date the Preliminary Order is entered in this matter, which utilized a scan of

3

Plaintiff's and the other Settlement Class Members' fingerprints for timekeeping purposes.

12.  [This Paragraph Intentionally Left Blank]

13.  "Class," "Settlement Class," "Class Member," or "Settlement Class Member" shall mean each member of the Settlement Class, as defined in Section III of this Agreement, who does not timely elect to be excluded from the Settlement Class and includes, but is not limited to, Plaintiff.

14.  "Class Counsel" shall mean Brandon M. Wise and Adam Florek of Peiffer Wolf Carr Kane Conway & Wise, LLP.

15.  "Counsel" or "Counsel for the Parties" means both Class Counsel and Defendant' respective Counsel, collectively.

16.  "Court" shall mean the United States District Court For The Northern District Of Illinois, and the Honorable Virginia M. Kendall presiding, or any judge who shall succeed the Judge assigned to the Litigation.

17.  [This Paragraph Intentionally Left Blank]

18.  "Defendant" shall mean Shippers Warehouse of Illinois, Inc.

19.  "Defendant' Counsel" shall mean Thaddeus A. Harrell and Dinsmore & Shohl LLP.

20.  "Effective Date" shall mean the date when the Settlement Agreement becomes Final.

21.  "Fee and Expense Petition" shall mean the motion to be filed by Class Counsel, in which they seek approval of an award of attorneys' fees, costs, and expenses.

22.  "Fee Award" means the amount of attorneys' fees and reimbursement of costs and expenses awarded by the Court to Class Counsel.

23.  "Final" means the Final Approval Order has been entered on the docket, and if a timely objection has been submitted (a) the time to appeal from such order has expired and no appeal has been timely filed; (b) if such an appeal has been filed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order; or (c) the Court, following the resolution of the appeal, enters a further order or orders approving the settlement on the material terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s).

24.  "Final Approval Hearing" means the hearing before the Court where the Plaintiff will request a judgment to be entered by the Court approving the Settlement

4

Agreement, approving the Fee Award, and approving an Incentive Award to the Class Representative. The date for the Final Approval Hearing shall be within approximately 90 days after entry of the Preliminary Approval Order.

25. "Final Approval Order" shall mean an order entered by the Court that:

    a. Certifies the Settlement Class pursuant to 735 ILCS 5/2-801;

    b. Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Agreement;

    c. Dismisses the Plaintiff's claims pending before it with prejudice and without costs, except as explicitly provided for in this Agreement;

    d. Approves the Release provided in Section VII and orders that, as of the Effective Date, the Released Claims will be released as to the Releasees; and

    e. Finds that, pursuant to 735 ILCS 5/2-1301, there is no just reason for delay of entry of final judgment with respect to the foregoing.

26. "Incentive Award" shall have the meaning ascribed to it as set forth in Section XV of this Agreement.

27. "Litigation" shall mean the action pending in the United States District Court For The Northern District Of Illinois, captioned *Norwood v. Shippers Warehouse of Illinois, Inc.*; Case No. 1:21-cv-00917.

28. "Net Settlement Amount" shall mean the Settlement Payment, less Administrative Expenses, the Fee Award, and the Incentive Award.

29. "Notice" means the direct notice of this proposed Settlement, which is to be provided substantially in the manner set forth in this Agreement and Exhibit A and is consistent with the requirements of Due Process.

30. "Objection/Exclusion Deadline" shall mean the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be postmarked and/or filed with the Court, which shall be designated as a date approximately 60 days after the date on which Preliminary Approval is granted, or such other date as ordered by the Court.

31. "Parties" shall mean Plaintiff and Defendant, collectively.

32. "Plaintiff" or "Class Representative" shall mean the named class representative, Ashley Norwood.

5

33. "Preliminary Approval Order" shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing Notice of the Settlement to the Settlement Class substantially in the form of the Notices set forth in this Agreement.

34. "Released Claims" shall mean any and all claims against Releasees whatsoever arising out of, or related to the alleged, (1) possession, collection, capture, purchase, receipt through trade, obtaining, sale, lease, trade, profit from, disclosure, redisclosure, dissemination, storage, transmittal, and/or protection from disclosure of allegedly biometric information, including, but not limited to, claims arising out of the Illinois Biometric Information Privacy Act, 740 ILCS 14/10, *et seq.*, ("BIPA") or any other federal, state, or local statute, regulation, or common law, (2) any claims arising under BIPA related to Defendant, and (3) any claims which were or could have been brought in the Litigation related to BIPA, including, but not limited to, any tort or privacy claims.

35. "Releasees" shall refer, jointly and severally, and individually and collectively, to Defendant and each of its past and present parents, predecessors, successors, affiliates, holding companies, brands, subsidiaries, shareholders, insurers, officers, directors, employees, agents, board members, assigns, and partners.

36. "Releasors" shall refer, jointly and severally, and individually and collectively, to Plaintiff, the Settlement Class Members, and to each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them.

37. "Settlement Administrator" means, subject to Court approval, [TBD].

38. "Settlement Payment" means an amount up to a maximum of $865,000.00 in cash equivalent to $1,000 per Class Member before deducting fees and costs. In no event shall Defendant be required to pay more than this Settlement Payment amount under the terms of this Agreement.

## III.   SETTLEMENT CLASS CERTIFICATION

39. For the purposes of the Settlement only, the Parties stipulate and agree that (a) the Class shall be certified in accordance with the definition contained in Paragraph 41, below; (b) Plaintiff shall represent the Class for settlement purposes and shall be the Class Representative; and (c) Plaintiff's Counsel shall be appointed as Class Counsel.

40. Defendant does not consent to certification of the Class for any purpose other than to effectuate the Settlement. If the Court does not enter Final Approval of the Settlement Agreement, or if for any other reason Final Approval of the Settlement Agreement does not occur, is successfully objected to, or challenged on appeal, any

6

certification of any Class will be vacated and the Parties will be returned to their positions with respect to the Litigation as if the Agreement had not been entered into.

41.     Subject to Court approval, the following Settlement Class shall be certified for settlement purposes:

All individuals within the state of Illinois who created a finger scan as part of clocking in and out for work at Shippers Warehouse of Illinois, Inc. from January 15, 2016 through the date the Preliminary Approval Order is entered.

42.     Excluded from the Settlement Class are all persons who elect to exclude themselves from the Settlement Class, the Court and staff to whom this case is assigned, and any member of the Court's or staff's immediate family.

43.     If for any reason the Settlement Agreement is not granted Preliminary and/or Final Approval, Defendant' agreement to certification of the Settlement Class shall not be used for any purpose, including but not limited to in any request for class certification in the Litigation or any other proceeding.

## IV.     SETTLEMENT OF LITIGATION AND ALL CLAIMS AGAINST RELEASEES

44.     Final Approval of this Settlement Agreement will settle and resolve with finality on behalf of the Plaintiff and the Settlement Class, the Litigation and the Released Claims and any other claims that have been brought, could have been brought, or could be brought now or at any time in the future against the Releasees by the Releasors in the Litigation or in any other proceeding arising out of, in any matter related to, or in any matter connected in any way with the Released Claims.

## V.     SETTLEMENT PAYMENT ALLOCATION

45.     **Settlement Payments.**

a.      The Settlement Payment shall be used to pay Settlement Class Members, the Fee Award, an Incentive Award to the Class Representative, and the Administration Expenses to the Settlement Administrator.

b.      Within fifteen (15) days after the entry of the Final Approval Order and receipt of payee instructions and a Form W-9 for the payee, Defendant or their insurers shall pay to the Settlement Administrator the Settlement Payment to satisfy the payments in Paragraph 45(a). Provided that Final Approval of this Agreement is granted by the Court without material change, material amendment, or material modification, the Settlement Payment will be used to satisfy payments to Settlement Class Members in

7

exchange for a full, fair, and complete release of all Releasees from Released Claims, and dismissal of the Litigation with prejudice.

c. The funds provided by Defendant to the Settlement Administrator will be maintained by an escrow agent as a Court-approved Qualified Settlement Payment pursuant to Section 1.468B-1, *et seq.*, of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an interest-bearing account.

d. The Settlement Payment represents the total extent of Defendant's monetary obligations under the Settlement Agreement. Defendant's contributions to the Settlement Payment shall be fixed under this Section and final. Defendant and the other Releasees shall have no obligation to make further payments into the Settlement Payment and shall have no financial responsibility or obligation relating to the Settlement beyond the Settlement Payment.

e. The Court may require changes to the method of allocation to Settlement Class Members without invalidating this Settlement Agreement, provided that the other material terms of the Settlement Agreement are not altered, including but not limited to the scope of the Release, the scope of the Settlement Class, and the amount of the Settlement Payment.

46. A Settlement Class Member who does not timely exclude himself or herself is entitled to payment of an equal share of the Net Settlement Amount. The Parties anticipate that each Settlement Class Member will be eligible for a settlement payment worth approximately $599.00

47. Any checks disbursed to Settlement Class Members from the Settlement Payment that are uncashed for any reason within ninety (90) days after their date of issuance shall be deemed void and will not be re-issued for any reason. Any unclaimed or uncashed check funds shall be equally divided between Defendant and *cy pres* recipient Re:United Travel, a 501(c)(3) corporation that provides travel opportunities for disadvantaged youth from Illinois' marginalized communities.

48. **Procedure for Approving Settlement.**

a. Plaintiff will file an unopposed motion for an order conditionally certifying the Class, giving Preliminary Approval to the Settlement, setting a date for the Final Approval Hearing, and approving the Class Notice and Claim Form (the "Unopposed Motion for Preliminary Approval").

b. At the hearing on the Unopposed Motion for Preliminary Approval, the Parties will jointly appear, support the granting of the Unopposed Motion for Preliminary Approval, and submit a proposed order granting conditional certification of the Class and preliminary approval of the Settlement

8

Agreement; appointing the Class Representative and Class Counsel; approving the Claim Form and the forms of Notice to the Class of the Settlement; and setting the Final Approval Hearing.

c.   For the purposes of the Settlement and the proceedings contemplated herein only, the Parties stipulate and agree that the Class shall be conditionally certified in accordance with the definition and on the terms contained above, that Plaintiff shall be conditionally appointed Class Representative, and that Plaintiff's Counsel shall be conditionally appointed as Class Counsel. Should the Court decline to preliminarily approve any aspect of the Settlement Agreement, the Parties will attempt to renegotiate those aspects of the Settlement Agreement in good faith, with the mutual goal of attempting to reach an agreement as close to this Settlement Agreement as possible, and will then submit the renegotiated settlement agreement to the Court for preliminary approval. If and only if the Parties are unable to obtain preliminary approval of a settlement agreement after submitting at least two renegotiated settlements to the Court, the Settlement Agreement will be null and void, and the Parties will have no further obligations under it, and the Parties will revert to their prior positions in the Litigation as if the Settlement had not occurred.

## VI.   <u>PROSPECTIVE RELIEF</u>

49.   Without admitting any liability or that it was required by law to do so, Defendant acknowledges that it has implemented procedures to comply with BIPA.

## VII.   <u>RELEASE</u>

50.   In addition to the effect of any final judgment entered in accordance with this Agreement, upon final approval of this Agreement, and for other valuable consideration as described herein, Releasees shall be completely released, acquitted, and forever discharged from any and all Released Claims.

51.   As of the Effective Date, and with the approval of the Court, all Releasors hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel any and all Released Claims against Releasees. As of the Effective Date, all Releasors will be forever barred and enjoined from prosecuting any action against the Releasees asserting any and/or all Released Claims.

52.   Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Agreement.

## VIII.   <u>PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER</u>

53.     This Settlement Agreement shall be subject to approval of the Court.  As set forth in Section XIV, Defendant shall have the right to withdraw from the Settlement Agreement if the Court does not approve the material aspects of the Agreement.

54.     Plaintiff, through Class Counsel, shall submit this Agreement, together with its exhibits, to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement, certification of the Settlement Class, appointment of Class Counsel and the Class Representative, and entry of the Preliminary Approval Order, substantially in the form of Exhibit B, which order shall seek a Final Approval Hearing date and approve the Notices for dissemination in accordance with the Notice Plan.

55.     At the time of the submission of this Settlement Agreement to the Court as described above, the Parties shall request that, after Notice is given, the Court hold a Final Approval Hearing within approximately ninety (90) days of entry of the Preliminary Approval Order and approve the settlement of the Litigation as set forth herein.

56.     At least fourteen (14) days prior to the Final Approval Hearing, or by some other date if so directed by the Court, Plaintiff will move for: (a) final approval of the Settlement Agreement; (b) final appointment of the Class Representative and Class Counsel; and (c) final certification of the Settlement Class, including for the entry of a Final Order and Judgment, and file a memorandum in support of the motion for final approval.

## IX.     NOTICE TO PROPOSED SETTLEMENT CLASS MEMBERS

57.     Class List

   a.      Defendant shall create and submit a Class List to the Settlement Administrator based on readily available information already within its possession as well as information available via any third-party staffing agencies that may have provided employees or workers which may be within the Settlement Class ("Class List").

   b.      The Class List shall include the names, phone numbers, last known mailing addresses, *and* emails of potential Settlement Class Members, to the extent such information is available.  Defendant shall provide the Class List within fourteen (14) days after entry of the Preliminary Approval Order.

58.     Type of Notice Required

   a.      The Notice, which shall be substantially in the form of Exhibit A attached hereto, shall be used for the purpose of informing proposed Settlement Class Members, prior to the Final Approval Hearing, that there is a pending settlement, and to further inform Settlement Class Members how they may:

(i) submit a copy of the Claim Form; (ii) protect their rights regarding the settlement; (iii) request exclusion from the Settlement Class and the proposed settlement, if desired; (iv) object to any aspect of the proposed settlement, if desired; and (v) participate in the Final Approval Hearing, if desired. The Notice shall make clear the binding effect of the settlement on all persons who do not timely request exclusion from the Settlement Class.

b. Dissemination of the Notice shall be the responsibility of the Settlement Administrator. The text of the Notice shall be agreed upon by the Parties and shall be substantially in the form attached as Exhibit A hereto.

c. Within fourteen (14) days of receipt of the Class List, the Settlement Administrator shall send individual notice via first class U.S. Mail (substantially in the form of Exhibit A). Prior to the mailing, the Settlement Administrator shall run the Class Members' addresses through the U.S. Postal Service's National Change of Address database and mail the Notice using the most current mailing address information. If a Notice is returned as undeliverable with a forwarding address, the Settlement Administrator shall resend by first class mail the Notice to that forwarding address *as well as* via e-mail. If a mailing address is not available or if a Notice is returned as undeliverable without a forwarding address, the Settlement Administrator shall send the Notice via email, if available. If Notice to a forwarding address is undeliverable and the email Notice is returned as undelivered or unavailable, the Settlement Administrator shall use a "skip-trace" or similar search to attempt to locate a current address for the Settlement Class Member and send the Notice to the address so found.

## X.  **EXCLUSIONS**

59. Exclusion Period

a. Settlement Class Members will have up to and including sixty (60) days from the entry of Preliminary Approval to exclude themselves from the settlement in accordance with this Section. If the Settlement Agreement is finally approved by the Court, all Settlement Class Members who have not opted out by the end of the Objection/Exclusion Deadline will be bound by the Agreement and will be deemed a Releasor as defined herein, and the relief provided by the Agreement will be their sole and exclusive remedy for the claims alleged by the Settlement Class.

60. Exclusion Process

a. A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline.

11

b.      In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name, address, and telephone number; the name and number of this case; a statement that he/she wishes to be excluded from the Settlement Class; and a signature. A request to be excluded that is sent to an address other than that designated in the Class Notice, or that is not postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound as Settlement Class Members by the Agreement, if approved.

c.      Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by any order or the Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement. A member of the Settlement Class who requests to be excluded from the Settlement Class also cannot object to the Settlement Agreement.

d.      The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" exclusion requests shall not be allowed.

e.      Within three (3) business days after the Objection/Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a written list reflecting all timely and valid exclusions from the Settlement Class. Counsel will have a period of time no less than thirty (30) days to object to claims submitted for reasons including but not limited to: late submissions, insufficient information, or attestation by claimants, and indicia of fraud.

f.      A list reflecting all individuals who timely and validly excluded themselves from the settlement shall also be filed with the Court at the time of the motion for Final Approval of the Settlement.

## XI.    OBJECTIONS

61.    The Notices shall advise Settlement Class Members of their rights, including the right to be excluded from or object to the Settlement Agreement and its terms. The Notices shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing, only if, on or before the Objection/Exclusion Deadline approved by the Court, the person making an objection shall file notice of his/her intention to do so and at the same time: (a) file copies of such papers he/she proposed to submit at the Final Approval Hearing with the Clerk of the Court; and (b) send copies of such papers via United States mail, hand delivery, or overnight delivery to both Class Counsel and Defendant's Counsel. A copy of the objection

must also be mailed to the Settlement Administrator at the address that the Settlement Administrator will establish to receive requests for exclusion or objections, Claim Forms, and any other communication relating to this settlement.

62.  Any Settlement Class Member who intends to object to this Settlement Agreement must include in any such objection: (a) his/her full name, address, and current telephone number; (b) the case name and number of this Litigation; (c) the date range during which he/she was employed by Defendant; (d) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (e) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last five years; and (f) the objector's signature. If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

63.  Any Settlement Class Member who fails to timely file and serve a written objection and notice of intent to appear at the Final Approval Hearing pursuant to this Settlement Agreement, shall not be permitted to object to the approval of the Agreement at the Final Approval Hearing and shall be foreclosed from seeking any review of the Agreement or its terms by appeal or other means.

## XII.  FINAL APPROVAL HEARING

64.  The Parties will jointly request that the Court hold a Final Approval Hearing within approximately ninety (90) days after the Preliminary Approval Order is entered. At the Final Approval Hearing, the Parties will request that the Court consider whether the Settlement Class should be certified as a class pursuant to 735 ILCS § 5/2-801 for settlement and, if so, (a) consider any properly-filed objections; (b) determine whether the Settlement Agreement is fair, reasonable and adequate, was entered into in good faith and without collusion, and should be approved, and shall provide findings in connection therewith; and (c) enter the Final Approval Order, including final approval of the Settlement Class and the Settlement Agreement, and a Fee Award.

## XIII.  FINAL APPROVAL ORDER

65.  The Parties shall jointly seek entry of a Final Approval Order, the text of which the Parties shall agree upon. The dismissal orders, motions, or stipulation to implement this Section shall, among other things, seek or provide for a dismissal with prejudice and waiving any rights of appeal.

13

66. The Parties shall jointly submit to the Court a proposed order, substantially in the form attached hereto as Exhibit C, that without limitation:

    a. Approves finally this Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members within the meaning of 735 ILCS 5/2-801 and directing its consummation according to its terms; and

    b. Dismisses, with prejudice, all claims of the Settlement Class against Defendant in the Litigation, without costs and fees except as explicitly provided for in this Agreement.

67. Class Counsel shall use their best efforts to assist Defendant in obtaining dismissal with prejudice of the Litigation and take all steps necessary and appropriate to otherwise effectuate all aspects of this Agreement.

## XIV.   TERMINATION OF THE SETTLEMENT

68. The settlement is conditioned upon preliminary and final approval of the Parties' written Settlement Agreement, and all terms and conditions thereof without material change, material amendments, or material modifications by the Court (except to the extent such changes, amendments, or modifications are agreed to in writing between the Parties). All Exhibits attached hereto are incorporated into this Settlement Agreement. Accordingly, any Party may elect to terminate and cancel this Settlement Agreement within ten (10) days of any of the following events:

    a. A material alteration by the Court of any of the terms of this Settlement Agreement to which the Parties have not agreed in writing;

    b. The Court refuses to grant Preliminary Approval of this Agreement even after the renegotiation process described in Paragraph 48(c) of this Agreement;

    c. The reversal or substantial modification of the Court's order granting preliminary or final approval;

    d. The Court refuses to grant final approval of this Agreement in any material respect; or

    e. The Court refuses to enter a final judgment in the Litigation in any material respect.

## XV.   ATTORNEYS' FEES, COSTS, AND EXPENSES AND INCENTIVE AWARD

69. No later than fourteen (14) days prior to the date of the Final Approval Hearing, Class Counsel will move the Court for an award of attorneys' fees not to exceed

14

33% of the Settlement Payment, or $285,450.00. Defendant will not oppose such a request, and Plaintiff's Counsel will not seek/accept a higher fee award, and will accept any lower award ordered by the Court. Class Counsel shall move, in the same papers, for reimbursement of the costs of litigation.

70.     Notwithstanding any contrary provision of this Agreement, and subject to Paragraph 76 of this Agreement, the Court's consideration of the Fee Award is to be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and any award made by the Court with respect to Class Counsel's attorneys' fees or expenses, or any proceedings incident thereto, including any appeal thereof, shall not operate to terminate or cancel this Agreement or be deemed material thereto.

71.     Class Counsel shall provide the Settlement Administrator with its completed W-9 before the payment of the Fee Award is due. Within three (3) business days after the Effective Date, the Settlement Administrator shall pay to Class Counsel from the Settlement Payment the amount awarded by the Court in the Fee Award. Any payment of the Fee Award shall be paid via electronic wire transfer to an account designated by Class Counsel.

72.     Prior to or at the same time as Plaintiff seeks final approval of the Settlement Agreement, Class Counsel shall move the Court for an Incentive Award of $2,500.00 for the Class Representative. The Incentive Award(s) shall be paid solely from the Settlement Payment by check written by the Settlement Administrator within seven (7) days of the Effective Date and delivered to Class Counsel.

73.     In no event will Defendant's liability for attorneys' fees, expenses, and costs, Administrative Expenses, and/or an Incentive Award exceed the funding obligations set out in this Agreement. Defendant shall have no financial responsibility for this Settlement Agreement outside of the Settlement Payment. Defendant shall have no further obligation for attorneys' fees or expenses to any counsel representing or working on behalf of either one or more individual Settlement Class Members or the Settlement Class. Defendant will have no responsibility, obligation, or liability for allocation of fees and expenses among Class Counsel.

## XVI.  MISCELLANEOUS REPRESENTATIONS

74.     The Parties agree that the Settlement Agreement provides fair, equitable, and just compensation, and a fair, equitable, and just process for determining eligibility for compensation for any given Settlement Class Member related to the Released Claims.

75.     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement, and (b) agree, subject to their fiduciary and other legal obligations, to cooperate in good faith to the extent reasonably necessary to effectuate and

15

implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and Defendant's Counsel agree to cooperate with each other in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

76.     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class, and each or any of them, on the one hand, against the Releasees, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Litigation was brought by Plaintiff or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

77.     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Settlement Agreement, including its Exhibits, and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

78.     Any headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

79.     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Agreement.

80.     This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

81.     This Agreement may not be amended, modified, altered, or otherwise changed in any material manner except by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

82.     The Parties agree that Exhibits A through C to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

83.     The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Agreement.

84.  Except as otherwise provided herein, each Party shall bear its own costs.

85.  Plaintiff represents and warrants that he has not assigned any claim or right or interest therein as against the Releasees to any other person or party.

86.  The Parties represent that they have obtained the requisite authority to enter this Settlement Agreement in a manner that binds all Parties to its terms.

87.  The Parties specifically acknowledge, agree, and admit that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents shall be considered a compromise within the meaning of Illinois Rule of Evidence 408, and any other equivalent or similar rule of evidence, and shall not, except in accordance with Paragraph 90 of this Agreement, (a) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Litigation or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (b) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

88.  The Parties also agree that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders or other documents entered in furtherance of this Settlement Agreement, and any acts in the performance of this Settlement Agreement, are not intended to establish grounds for certification of any class involving any Settlement Class Member other than for certification of the Settlement Class for settlement purposes.

89.  Except in accordance with Paragraph 90 of this Agreement, this Settlement Agreement, whether approved or not approved, revoked, or made ineffective for any reason, and any proceedings related to this Settlement Agreement and any discussions relating thereto shall be inadmissible as evidence of any liability or wrongdoing whatsoever and shall not be offered as evidence of any liability or wrongdoing in any court or other tribunal in any state, territory, or jurisdiction, or in any manner whatsoever. Further, neither this Settlement Agreement, the settlement contemplated by it, nor any proceedings taken under it, will be construed or offered or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Agreement and the binding effect of the Final Order and Judgment.

90.  The provisions of this Settlement Agreement, and any orders, pleadings, or other documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely (a) to enforce the terms and provisions hereof or thereof, (b) as may be specifically authorized by a court of competent jurisdiction after an adversary hearing upon application of a Party hereto, (c) in order to establish payment, or an affirmative defense of preclusion or bar in a subsequent case, (d)

in connection with any motion to enjoin, stay, or dismiss any other action, or (e) to obtain Court approval of the Settlement Agreement.

91.     This Agreement may be executed in one or more counterparts exchanged by hand, messenger, or PDF as an electronic mail attachment, and any such signature exchanged shall be deemed an original signature for purposes of this Settlement Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Agreement all exchange signed counterparts.

92.     This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Releasees.

93.     This Agreement shall be governed by and construed in accordance with the laws of the state of Illinois.

94.     This Agreement is deemed to have been prepared by counsel for all Parties as a result of arms-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Agreement and its Exhibits, it shall not be construed more strictly against one Party than another.

95.     Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

If to Class Counsel:                               If to Defendant' Counsel:

Brandon M. Wise                                    Thaddeus A. Harrell
Adam Florek                                        Dinsmore & Shohl, LLP
Peiffer Wolf Carr Kane Conway & Wise, LLP          225 West Adams Street,
818 Lafayette Ave., Floor 2                        Suite 3400
St. Louis, Missouri 63104                          Chicago, Illinois
314.833.4285                                       (312) 837-4306
bwise@peifferwolf.com                              thaddeus.harrell@dinsmore.com
aflorek@peifferwolf.com

96.     This Agreement shall be deemed fully executed as of the date that the last party signatory signs the Agreement.

In witness hereof, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

Dated: _____, 2023      Class Representative

2023-05-10 16:36:26 (UTC-05:00)

By: _____
Ashley Norwood

Plaintiff Ashley Norwood

Dated: _____, 2020      Class Counsel

2023-05-10 16:57:16 (UTC-05:00)

By: _____

Brandon M. Wise, Partner
Peiffer Wolf Carr Kane Conway & Wise, LLP

Dated: _____, 2020      Shippers Warehouse Of Illinois, Inc.

By: _____
Authorized Representative/Agent

Dated: __05.11.2023__, 2020      DINSMORE & SHOHL LLP

By: _____
Thaddeus A. Harrell, Partner
Dinsmore & Shohl, LLP

19

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Norwood v. Shippers Warehouse of Illinois, Inc.*; Case No: 1:21-cv-00917
United States District Court, Northern District Of Illinois

**PLEASE READ THIS NOTICE CAREFULLY. YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT IF YOU WERE REQUIRED TO PROVIDE YOUR FINGER SCAN FOR EMPLOYEE TIMEKEEPING PURPOSES BY SHIPPERS WAREHOUSE OF ILLINOIS, INC. AT ANY TIME BETWEEN JANUARY 15, 2016 THROUGH THE DATE OF PRELIMINARY APPROVAL, UNLESS YOU HAVE PREVIOUSLY SIGNED A WAIVER OR RELEASE RELATING TO THESE CLAIMS.**

***This is a court-authorized notice of a proposed class action settlement. This is <u>not</u> a solicitation from a lawyer and is <u>not</u> notice of a lawsuit against you.***

**WHY DID I GET THIS NOTICE?**
This is a court-authorized notice of a proposed settlement in a class action lawsuit, *Norwood v. Shippers Warehouse of Illinois, Inc.; 1:21-cv-00917*, currently pending in the United States District Court For The Northern District Of Illinois. The Settlement would resolve a lawsuit brought on behalf of persons who allege that Shippers Warehouse of Illinois, Inc. ("Defendant") required its employees to provide their finger scan for timekeeping purposes without first providing them with legally-required written disclosures and obtaining written consent. Defendant contests these claims and denies that it violated the Illinois Biometric Information Privacy Act. If you received this notice, you have been identified as someone who may have been required to submit your biometric information to Defendant for timekeeping purposes between January 15, 2016 through the Date of Preliminary Approval (the "Class Period"). The Court has granted preliminary approval of the Settlement and has conditionally certified the Settlement Class for purposes of settlement only. This notice explains the nature of the class action lawsuit, the terms of the Settlement, and the legal rights and obligations of the Settlement Class Members. Please read the instructions and explanations below so that you can better understand your legal rights.

**WHAT IS THIS LAWSUIT ABOUT?**
The Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, prohibits private companies from capturing, obtaining, storing, transferring, and/or using the biometric identifiers and/or information, such as fingerprints, of another individual for any purpose, including timekeeping, without first providing such individual with certain written disclosures and obtaining written consent. This lawsuit alleges that Defendant violated the BIPA by requiring their current and/or former employees to submit their finger scan for timekeeping purposes during the Class Period without first providing the requisite disclosures or obtaining the requisite consent. Defendant contest these claims and denies that it violated the BIPA.

**WHY IS THIS A CLASS ACTION?**
A class action is a lawsuit in which an individual called a "Class Representative" brings a single lawsuit on behalf of other people who have similar claims. All of these people together are a "Class" or "Class Members." Once a Class is certified, a class action Settlement finally approved by the Court resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

**WHY IS THERE A SETTLEMENT?**
To resolve this matter without the expense, delay, and uncertainties of litigation, the Parties have reached a Settlement, which resolves all claims against Defendant. The Settlement requires Defendant to pay money

1

Questions?
Contact the Settlement Administrator at <mark>XXX-XXX-XXXX</mark>

to the Settlement Class, as well as pay settlement administration expenses, attorneys' fees and costs to Class Counsel, and an incentive award to the Class Representative, if approved by the Court. The Settlement is not an admission of wrongdoing by Defendant and does not imply that there has been, or would be, any finding that Defendant violated the law.

The Court has already preliminarily approved the Settlement. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the Court overseeing this lawsuit must give final approval to the Settlement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that members of the Settlement Class can be given this notice and the opportunity to exclude themselves from the Settlement Class, to voice their support or opposition to final approval of the Settlement, and to submit a Claim Form to receive the relief offered by the Settlement. If the Court does not give final approval to the Settlement, or if it is terminated by the Parties, the Settlement will be void, and the lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

**WHO IS IN THE SETTLEMENT CLASS?**
You are a member of the Settlement Class if, during the Class Period, you were required to provide your biometric information (e.g. finger scan, etc.) for timekeeping purposes to Defendant within the state of Illinois and have not previously signed a waiver or release relating to these claims. You will be considered a member of the Settlement Class unless you timely file an Exclusion Form.

**WHAT ARE MY OPTIONS?**

(1) **Accept the Settlement**.

To accept the Settlement, you do not need to do anything. If you are receiving this notice, you are considered a member of the Settlement Class and will continue to be unless you exclude yourself from the Settlement.

(2) **Exclude yourself**.

You may exclude yourself from the Settlement. If you do so, you will not receive any cash payment, but you will not release any claims you may have against Defendant and the Releasees (as that term is defined in the Settlement Agreement) and are free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Releasees at your own risk and expense. To exclude yourself from the Settlement, you must mail a signed Exclusion Form to Class Counsel, postmarked by **[EXCLUSION DEADLINE]**.

(3) **Object to the Settlement**.

If you wish to object to the Settlement, you must submit your objection in writing to **[CIRCUIT CLERK INFORMATION]**. The objection must be received by the Court no later than **[OBJECTION DEADLINE]**. You must also send a copy of your objection to the attorneys for all Parties to the lawsuit, including Class Counsel (addresses below), as well as the attorneys representing Defendant (Thaddeus A. Harrell and Dinsmore & Shohl LLP, 222 West Adams Street, Suite 3400, Chicago, IL 60601), postmarked no later than **[OBJECTION DEADLINE]**. Any objection to the proposed Settlement must include your (i) full name, address, and telephone number; (ii) the case name and number of this Litigation; (iii) the date range during which you were employed by Defendant; (iv) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (v) the identification of any other objections you have filed, or have had filed on your behalf, in any other class action cases in the last four years; and (vi) your signature. If you hire an attorney in connection with making an objection, that attorney must also file with the Court a notice of appearance by the objection deadline of **[OBJECTION DEADLINE]**. If you do hire your own attorney, you will be solely responsible for payment of any fees and

expenses the attorney incurs on your behalf.  If you exclude yourself from the Settlement, you cannot file an objection.

You may appear at the Final Approval Hearing, which to be held on **[FINAL HEARING DATE AND TIME]**, in **[FINAL APPROVAL LOCATION]**, in person or through counsel to show cause of why the proposed Settlement should not be approved as fair, reasonable, and adequate.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the request for attorneys' fees and expenses, and/or the request for an incentive award to the Class Representative are required to indicate in their written objection their intention to appear at the hearing on their own behalf or through counsel and to identify the names of any witnesses they intend to call to testify at the Final Approval Hearing, as well as any exhibits they intend to introduce at the Final Approval Hearing.

**WHAT DOES THE SETTLEMENT PROVIDE?**

**Cash Payments.**  Defendant has agreed to create a total Settlement Fund of $865,000.00 for the Class Members.  All Settlement Class Members are entitled to receive a payment out of the Settlement Fund.  If the Settlement is approved, each Settlement Class Member will be entitled to an equal payment out of the Settlement Fund, less deductions for settlement administration costs, attorneys' fees, and a service award to the Named Plaintiff.  The Settlement Administrator will issue a check to each Class Member following the final approval of the Settlement.  All checks issued to Settlement Class Members will expire and become void 90 days after they are issued.  Additionally, the attorneys who brought this lawsuit (listed below) will ask the Court to award them attorneys' fees of up to 33% of the Settlement Fund, plus reasonable costs, for the substantial time, expense and effort expended in investigating the facts, litigating the case and negotiating the Settlement.  The Class Representative also will apply to the Court for a payment of up to $2,500.00 (in total) for his time, effort, and service to the Class in this matter.

**WHEN RIGHTS AM I GIVING UP IN THIS SETTLEMENT?**

Unless you exclude yourself from this Settlement, you will be considered a member of the Settlement Class, which means you give up your right to file or continue a lawsuit against Defendant and their related entities and relating to the use of the biometric Time-Keeping System during the Class Period. Giving up your legal claims is called a release. The precise terms of the release are in the Settlement Agreement, which is available upon request. Unless you formally exclude yourself from this Settlement, you will release your claims. If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

**WHEN WILL I BE PAID?**

The Parties cannot predict exactly when (or whether) the Court will give final approval to the Settlement, so please be patient.  However, if the Court finally approves the Settlement, you will be paid as soon as possible after the court order becomes final, which should occur within approximately 60 days after the Settlement has been finally approved.  If there is an appeal of the Settlement, payment may be delayed.  Updated information about the case can be obtained through Class Counsel at the information provided below.

**WHEN WILL THE COURT RULE ON THE SETTLEMENT?**

The Court has already given preliminary approval to the Settlement. A final hearing on the Settlement, called a Final Approval Hearing, will be held to determine the fairness of the Settlement.  At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Class for settlement purposes, hear any proper objections and arguments to the Settlement, as well as any requests for an award of attorneys' fees, costs, and expenses and Class Representative Incentive Award that may be

sought by Class Counsel. The Court will hold the Final Approval Hearing on **[FINAL APPROVAL DATE / TIME / LOCATION]**.

If the Settlement is given final approval, the Court will not make any determination as to the merits of the claims against Defendant or its defenses to those claims. Instead, the Settlement's terms will take effect and the lawsuit will be dismissed on the merits with prejudice. Both sides have agreed to the Settlement in order to achieve an early and certain resolution to the lawsuit, in a manner that provides specific and valuable benefits to the members of the Settlement Class.

If the Court does not approve the Settlement, if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will not be paid at this time and Class Members will receive no benefits from the Settlement. Plaintiff, Defendant, and all of the Class Members will be in the same position as they were prior to the execution of the Settlement, and the Settlement will have no legal effect, no class will remain certified (conditionally or otherwise), and the Plaintiff and Defendant will continue to litigate the lawsuit. There can be no assurance that if the Settlement is not approved, the Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

**WHO REPRESENTS THE CLASS?**

The Court has approved the following attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer instead, you may hire one at your own expense.

> Brandon M. Wise
> Adam Florek
> Peiffer Wolf Carr Kane Conway & Wise, LLP
> 818 Lafayette Ave., Floor 2
> St. Louis, Missouri 63104
> 314.833.4285
> bwise@peifferwolf.com
> aflorek@peifferwolf.com

**WHERE CAN I GET ADDITIONAL INFORMATION?**

This Notice is only a summary of the proposed Settlement of this lawsuit. More details are in the Settlement Agreement which, along with other documents, can be obtained by contacting Class Counsel. If you have any questions, you can also calL at the numbers or email addresses set forth above. In addition to all pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk. Please do not call the Judge or the Clerk of the Court about this case. They will not be able to give you advice on your options.

**United States District Court**
**Northern District of Illinois, Eastern Division**

| | |
|---|---|
| **Ashley Norwood**, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.: 1:21-cv-00917 |
| v. | Hon. Virginia M. Kendall |
| **Shippers Warehouse of Illinois, Inc.**, | |
| Defendant. | |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's Unopposed Motion in Support of Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion and Memorandum in Support of the Motion, the Class Action Settlement Agreement ("Settlement Agreement") between Ashley Norwood ("Plaintiff") and Shippers Warehouse of Illinois, Inc., ("Defendant", and, together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED AS FOLLOWS:

1.     Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2.     The Court finds the terms of the Settlement Agreement are fair, reasonable, and adequate and therefore preliminarily approved. There is good cause to find that the Settlement Agreement was negotiated at arms-length between the Parties, who were represented by experienced counsel.

3.      Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), a class of all persons who, using their finger, registered to use an alleged "biometric" timekeeping system while working for Defendant in Illinois from January 15, 2016 through [Prelim Approval Date].

4.      For settlement purposes only, Plaintiff Ashley Norwood is hereby appointed as Class Representative.  For settlement purposes only, the Court finds Plaintiff meets all of the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

5.      For settlement purposes only, the following counsel are hereby appointed as Class Counsel:

Brandon Wise
Adam Florek
Peiffer Wolf Carr Kane Conway & Wise, LLP
818 Lafayette Ave., Fl. 2
St. Louis, Missouri 63104
314-833-4827
bwise@peifferwolf.com
aflorek@peifferwolf.com

and the Court finds they meet all of the requirements for appointment as class counsel under Rule 23 of the Federal Rules of Civil Procedure.

6.      The Court recognizes that, pursuant to the Settlement Agreement, Defendant retains all rights to object to the propriety of class certification in the Litigation in all other contexts and for all other purposes should the Settlement not be finally approved.  Therefore, as more fully set forth below, if the Settlement is not finally approved, and litigation resumes, this Court's preliminary findings regarding the propriety of class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

7.      The Court finds that the procedures for notifying the Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore are sufficient and meet the requirements of due process; and directs the sending of the Notice in accordance with the Settlement Agreement, such that the Settlement Agreement and Final Order and Judgment will be binding on all Class Members (who do not properly exclude themselves pursuant to the procedures in the Settlement Agreement).

8.      The Court approves, as to form and content, the Notice attached to the Settlement Agreement as Exhibit A.  The Claims Administrator is authorized to send the Notice, after it is updated with the appropriate dates and deadlines consistent with the Settlement Agreement, to the applicable Class Members as provided in the Settlement Agreement.  The Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update it for purposes of accuracy or formatting.  The Court finds that the Notice adequately puts Class Members on notice of the proposed settlement.  The Notice is appropriate because it describes the terms of the Settlement, informs the Class Members about the allocation of attorneys' fees and other costs and expenses, and provides specific information regarding the date, time, and place of the Fairness Hearing.

9.      The Court appoints [TBD] as Settlement Administrator.  The Settlement Administrator is vested with authority to carry out the Notice as set forth in the Settlement Agreement.

10.     The distribution of Class Notice as set forth in the Settlement Agreement shall proceed.

11.     Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the

Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against the Defendant or the Releasees relating to the claims released under the terms of the Settlement Agreement.

12.     Any Person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion request. Such exclusion requests must be received by Class Counsel, by first class mail, postage prepaid, and postmarked, no later than **[EXCLUSION DEADLINE]**.

13.     In order to exercise the right to be excluded, a person within the Settlement Class must timely send a written request for exclusion to Class Counsel providing his/her name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class. Any request for exclusion submitted via first class mail must be personally signed by the Person requesting exclusion. No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request exclusion from the Settlement Class of any other person within the Settlement Class.

14.     Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Approval Order; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.

15.     Class Counsel may file any motion seeking an award of attorneys' fees and costs

not to exceed 33.00% of the settlement fund in attorneys' fees, plus their reasonable costs and expenses, as well as an Incentive Award of two thousand five hundred dollars ($2,500.00) for the Class Representative, no later than 14 Days Before Final Approval Hearing days prior to the Final Approval Hearing.

16.     Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees, costs, and expenses that Class Counsel intends to seek and the payment of the Incentive Award to the Class Representative, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in Paragraph 18 of this Order, with the Clerk of the Court, and served upon Class Counsel, Defendant's Counsel, and the Settlement Administrator (Class Counsel) no later than **[OBJECTION DEADLINE]**.

Addresses for Class Counsel, Defendants' Counsel, and the Clerk of Court are as follows:

**Class Counsel**
  Brandon Wise
  Peiffer Wolf Carr Kane Conway & Wise, LLP
  818 Lafayette Ave., Fl. 2
  St. Louis, MO 63104
  314-833-4827
  bwise@peifferwolf.com
  aflorek@peifferwolf.com

**Defendant's Counsel**
  Thaddeus A. Harrell
  Dinsmore & Shohl LLP
  222 West Adams Street,
  Suite 3400
  Chicago, Illinois
  (312) 837-4306
  thaddeus.harrell@dinsmore.com

**Clerk of Court**
    Thomas G. Bruton, Clerk of the Court

Dirksen U.S. Courthouse
219 S. Dearborn St.
Chicago, Illinois 60604

17.     Any Settlement Class Member who has not requested exclusion and who intends to object to the Settlement must state, in writing, all objections and the basis for any such objection(s), and must also state in writing: (i) his/her full name, address, and telephone number; (ii) the case name and number of this Litigation; (iii) the date range and location during which/at which he/she was employed by Defendant; (iv) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (v) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and (vi) the objector's signature.   Objections not filed and served in accordance with this Order shall not be received or considered by the Court.   Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of an Incentive Award, and to the Final Approval Order and the right to appeal same.

18.     A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate.   Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Plaintiff's Counsels' Fee and Expense Application and/or the request for an Incentive Award to the Class Representatives are required to indicate in their written

objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

19.     No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make his or her objection to the Settlement in the manner provided herein, or who does not also timely provide copies to the designated counsel of record for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

20.     All papers in support of the final approval of the proposed Settlement shall be filed no later than 14 Days Before Final Approval Hearing days before the Final Approval Hearing.

21.     Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Releasees.

22.     A "Final Approval Hearing" shall be held before the Court on **[FINAL APPROVAL DATE/TIME]** in Courtroom **2503** of the Dirksen U.S. Courthouse, 219 S. Dearborn St., Chicago, Illinois 60604 (or at such other time or location as the Court may without further notice direct) for

the following purposes:

(a)     to finally determine whether the applicable prerequisites for settlement class action treatment under Rule 23 have been met;

(b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including an order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d)     to consider the application for an award of attorneys' fees, costs and expenses of Class Counsel;

(e)     to consider the application for an Incentive Award to the Class Representatives;

(f)     to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

(g)     to rule upon such other matters as the Court may deem appropriate.

23.     The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class.  At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

24.     Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

25.     All discovery and other proceedings in the Litigation as between Plaintiff and Defendant are stayed and suspended until further order of the Court except such actions as may be

necessary to implement the Settlement Agreement and this Order.

26.     For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

Class List Sent to Admin.    (14 Days):        _____

Notice to be completed by    (28 Days):        _____

Objection Deadline          (60 Days):        _____

Exclusion Request Deadline  (60 Days):        _____

Fee and Expense Application (76 Days):        _____

Final Approval Submissions  (76 Days):        _____

Final Approval Hearing      (90 Days):        _____

**IT IS SO ORDERED.**


ENTERED: _____        _____

                                        Circuit Judge

**United States District Court**
**Northern District of Illinois, Eastern Division**

| | |
|---|---|
| **Ashley Norwood**, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.: 1:21-cv-00917 |
| v. | Hon. Virginia M. Kendall |
| **Shippers Warehouse of Illinois, Inc.**, | |
| Defendant. | |

## [PROPOSED] FINAL ORDER AND JUDGMENT

This matter coming to be heard on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (the "Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises, IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1.      Unless otherwise noted, all capitalized terms in this Final Order and Judgment shall have the same meaning as ascribed to them in the Settlement Agreement between Ashley Norwood ("Plaintiff") and Shippers Warehouse of Illinois, Inc. ("Defendant", and, together, the "Parties").

2.      This Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over all parties to the Litigation, including all Settlement Class Members.

3.      The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated **[PRELIMINARY APPROVAL DATE]**, and the Court finds that adequate notice was given to all members of the Settlement Class pursuant to the terms of the Preliminary Approval Order.

4.      The Court has read and considered the papers filed in support of this Motion for

Final Approval, including the Settlement Agreement and exhibits thereto and supporting declarations.

5.      The Court held a Final Approval Hearing on **[FINAL HEARING DATE]**, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6.      Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.   The complex legal and factual posture of the Litigation, and the fact that the Settlement Agreement is the result of arms-length negotiations further support this finding.

7.      The Court finds, for settlement purposes only, that the Class satisfies the applicable standards for certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Class is finally certified for settlement purposes only as follows:  all persons who, using their finger, registered to use an alleged "biometric" timekeeping system while working for Defendant in Illinois from January 15, 2016 through [preliminary approval date], except that any individual who timely and properly submitted a valid request for exclusion shall not be included in the Class. The Court finally, and for settlement purposes only, appoints Plaintiff Michael Haenlein as class representative and Brandon Wise and Adam Florek of Peiffer Wolf Carr Krane Conway & Wise, LLP, 818 Lafayette Ave., Floor 2, St. Louis, MO 63104 as Class Counsel.

8.      The persons who are listed on Exhibit 1 to this order have made timely and valid requests for exclusion and are excluded from the Settlement Class and are not bound by this Final Order and Judgment.

9.      For settlement purposes only, the Court confirms the appointment of Plaintiff Ashley Norwood as Class Representative of the Settlement Class.

10.      For settlement purposes only, the Court confirms the appointment of Class Counsel, and finds they are experienced in class litigation, and have adequately represented the Settlement Class.

11.      With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representatives and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this controversy.

12.      The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements Rule 23, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

13.      The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder.  The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

14.      The Court dismisses the Litigation with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff's and all Settlement Class Members' claims against Defendant.  The Court adjudges that the Released Claims and all

of the claims described in the Settlement Agreement are released against the Releasees.

15.     The Court adjudges that the Plaintiff and all Settlement Class Members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees, as defined under the Settlement Agreement.

16.     The Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective.  The Court finds that Plaintiff has, and the Settlement Class Members are deemed to have, knowingly waived the protections of any law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542 which provides:

*A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

17.     The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors, and agents, as set forth in the Settlement Agreement.  The Releasees may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or

reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.      Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

19.      The Court approves payment of attorneys' fees in the amount of **$_____**, reimbursable litigation costs and expenses to Class Counsel in the amount of **$_____**. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.  The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class.  Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel.  Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members.  Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award in the amount sought.

20.      The Court approves the requested Incentive Awards in the amount of two thousand five hundred dollars ($2,500.00), and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class, including taking on the risks of litigation, and helping achieve the results to be made available to the Settlement Class.  This

amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21.     The Court finds that the amounts associated with any uncashed settlement checks to Qualified Class Members shall be paid to *cy pres* recipient Re:United Travel, a 501(c)(3) corporation that provides travel opportunities for disadvantaged youth from Illinois' marginalized communities.

22.     Neither this Final Order and Judgment, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the Releasees of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims.  This Final Order and Judgment is not a finding of the validity or invalidity of any claims in this Litigation or a determination of any wrongdoing by Defendant or any of the Releasees.  The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

23.     Any objections to the Settlement Agreement are overruled and denied in all respects.   The Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and Judgment.

24.     The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class Members.

**IT IS SO ORDERED.**


ENTERED: _____     _____
                                                 Circuit Judge