United States District Court
Northern District of Illinois, Eastern Division

**Ashley Norwood**, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

**Shippers Warehouse of Illinois, Inc.**,

Defendant.

Case No.: 1:21-cv-00917

Judge LaShonda A. Hunt

## PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's Unopposed Motion in Support of Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion and Memorandum in Support of the Motion, the Class Action Settlement Agreement ("Settlement Agreement") between Ashley Norwood ("Plaintiff") and Shippers Warehouse of Illinois, Inc., ("Defendant", and, together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2. The Court finds the terms of the Settlement Agreement are fair, reasonable, and adequate and therefore preliminarily approved. There is good cause to find that the Settlement Agreement was negotiated at arms-length between the Parties, who were represented by experienced counsel.

3. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for settlement purposes only (and for no other purpose and with no other effect upon this or any other action, including no effect upon this action should the Settlement not ultimately be approved), a class of all persons who, using their finger, registered to use an alleged "biometric" timekeeping system while working for Defendant in Illinois from January 15, 2016 through June 20, 2023.

4. For settlement purposes only, Plaintiff Ashley Norwood is hereby appointed as Class Representative. For settlement purposes only, the Court finds Plaintiff meets all of the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure.

5. For settlement purposes only, the following counsel are hereby appointed as Class Counsel:

> Brandon Wise
> Adam Florek
> Peiffer Wolf Carr Kane Conway & Wise, LLP
> 818 Lafayette Ave., Fl. 2
> St. Louis, Missouri 63104
> 314-833-4827
> bwise@peifferwolf.com
> aflorek@peifferwolf.com

and the Court finds they meet all of the requirements for appointment as class counsel under Rule 23 of the Federal Rules of Civil Procedure.

6. The Court recognizes that, pursuant to the Settlement Agreement, Defendant retains all rights to object to the propriety of class certification in the Litigation in all other contexts and for all other purposes should the Settlement not be finally approved. Therefore, as more fully set forth below, if the Settlement is not finally approved, and litigation resumes, this Court's preliminary findings regarding the propriety of class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

7. The Court finds that the procedures for notifying the Class about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore are sufficient and meet the requirements of due process; and directs the sending of the Notice in accordance with the Settlement Agreement, such that the Settlement Agreement and Final Order and Judgment will be binding on all Class Members (who do not properly exclude themselves pursuant to the procedures in the Settlement Agreement).

8. The Court approves, as to form and content, the Notice attached to the Settlement Agreement as Exhibit A. The Claims Administrator is authorized to send the Notice, after it is updated with the appropriate dates and deadlines consistent with the Settlement Agreement, to the applicable Class Members as provided in the Settlement Agreement. The Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update it for purposes of accuracy or formatting. The Court finds that the Notice adequately puts Class Members on notice of the proposed settlement. The Notice is appropriate because it describes the terms of the Settlement, informs the Class Members about the allocation of attorneys' fees and other costs and expenses, and provides specific information regarding the date, time, and place of the Fairness Hearing.

9. The Court appoints Analytics, LLC as Settlement Administrator. The Settlement Administrator is vested with authority to carry out the Notice as set forth in the Settlement Agreement.

10. The distribution of Class Notice as set forth in the Settlement Agreement shall proceed.

11. Settlement Class Members shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the

Settlement Agreement, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. Settlement Class Members who do not timely and validly request exclusion shall be so bound even if they have previously initiated or subsequently initiate litigation or other proceedings against the Defendant or the Releasees relating to the claims released under the terms of the Settlement Agreement.

12. Any Person within the Settlement Class may request exclusion from the Settlement Class by expressly stating his/her request in a written exclusion request. Such exclusion requests must be received by Class Counsel, by first class mail, postage prepaid, and postmarked, no later than **August 21, 2023**.

13. In order to exercise the right to be excluded, a person within the Settlement Class must timely send a written request for exclusion to Class Counsel providing his/her name and address, a signature, the name and number of the case, and a statement that he or she wishes to be excluded from the Settlement Class. Any request for exclusion submitted via first class mail must be personally signed by the Person requesting exclusion. No person within the Settlement Class, or any person acting on behalf of, in concert with, or in participation with that person within the Settlement Class, may request exclusion from the Settlement Class of any other person within the Settlement Class.

14. Any person in the Settlement Class who elects to be excluded shall not: (i) be bound by any orders or the Final Approval Order; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.

15. Class Counsel may file any motion seeking an award of attorneys' fees and costs

not to exceed 33.00% of the settlement fund in attorneys' fees, plus their reasonable costs and expenses, as well as an Incentive Award of two thousand five hundred dollars ($2,500.00) for the Class Representative, no later than 14 Days Before Final Approval Hearing days prior to the Final Approval Hearing.

16. Any Settlement Class Member who has not requested exclusion from the Settlement Class and who wishes to object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees, costs, and expenses that Class Counsel intends to seek and the payment of the Incentive Award to the Class Representative, may do so, either personally or through an attorney, by filing a written objection, together with the supporting documentation set forth below in Paragraph 18 of this Order, with the Clerk of the Court, and served upon Class Counsel, Defendant's Counsel, and the Settlement Administrator (Class Counsel) no later than **August 21, 2023**.

Addresses for Class Counsel, Defendants' Counsel, and the Clerk of Court are as follows:

**Class Counsel**
 Brandon Wise
 Peiffer Wolf Carr Kane Conway & Wise, LLP
 818 Lafayette Ave., Fl. 2
 St. Louis, MO 63104
 314-833-4827
 bwise@peifferwolf.com
 aflorek@peifferwolf.com

**Defendant's Counsel**
 Thaddeus A. Harrell
 Dinsmore & Shohl LLP
 222 West Adams Street,
 Suite 3400
 Chicago, Illinois
 (312) 837-4306
 thaddeus.harrell@dinsmore.com

**Clerk of Court**
   Thomas G. Bruton, Clerk of the Court

Dirksen U.S. Courthouse
219 S. Dearborn St.
Chicago, Illinois 60604

17.     Any Settlement Class Member who has not requested exclusion and who intends to object to the Settlement must state, in writing, all objections and the basis for any such objection(s), and must also state in writing: (i) his/her full name, address, and telephone number; (ii) the case name and number of this Litigation; (iii) the date range and location during which/at which he/she was employed by Defendant; (iv) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (v) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years; and (vi) the objector's signature.  Objections not filed and served in accordance with this Order shall not be received or considered by the Court.  Any Settlement Class Member who fails to timely file and serve a written objection in accordance with this Order shall be deemed to have waived, and shall be forever foreclosed from raising, any objection to the Settlement, to the fairness, reasonableness, or adequacy of the Settlement, to the payment of attorneys' fees, costs, and expenses, to the payment of an Incentive Award, and to the Final Approval Order and the right to appeal same.

18.     A Settlement Class Member who has not requested exclusion from the Settlement Class and who has properly submitted a written objection in compliance with the Settlement Agreement, may appear at the Final Approval Hearing in person or through counsel to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate.  Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement and/or Plaintiff's Counsels' Fee and Expense Application and/or the request for an Incentive Award to the Class Representatives are required to indicate in their written

objection their intention to appear at the Final Approval Hearing on their own behalf or through counsel. For any Settlement Class Member who files a timely written objection and who indicates his/her intention to appear at the Final Approval Hearing on their own behalf or through counsel, such Settlement Class Member must also include in his/her written objection the identity of any witnesses he/she may call to testify, and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which shall be attached.

19. No Settlement Class Member shall be entitled to be heard, and no objection shall be considered, unless the requirements set forth in this Order and in the Settlement Agreement are fully satisfied. Any Settlement Class Member who does not make his or her objection to the Settlement in the manner provided herein, or who does not also timely provide copies to the designated counsel of record for the Parties at the addresses set forth herein, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order.

20. All papers in support of the final approval of the proposed Settlement shall be filed no later than 14 Days Before Final Approval Hearing days before the Final Approval Hearing.

21. Pending the final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Settlement Class Member may prosecute, institute, commence, or continue any lawsuit (individual action or class action) with respect to the Released Claims against any of the Releasees.

22. A "Final Approval Hearing" shall be held before the Court on **October 5, 2023 at 10:00 A.M IN PERSON** Courtroom **1219** of the Dirksen U.S. Courthouse, 219 S. Dearborn St., Chicago, Illinois 60604 (or at such other time or location as the Court may without further notice direct) for

the following purposes:

(a) to finally determine whether the applicable prerequisites for settlement class action treatment under Rule 23 have been met;

(b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c) to determine whether the judgment as provided under the Settlement Agreement should be entered, including an order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

(d) to consider the application for an award of attorneys' fees, costs and expenses of Class Counsel;

(e) to consider the application for an Incentive Award to the Class Representatives;

(f) to consider the distribution of the Settlement Fund pursuant to the Settlement Agreement; and

(g) to rule upon such other matters as the Court may deem appropriate.

23. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

24. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

25. All discovery and other proceedings in the Litigation as between Plaintiff and Defendant are stayed and suspended until further order of the Court except such actions as may be

necessary to implement the Settlement Agreement and this Order.

26. For clarity, the deadlines set forth above and in the Settlement Agreement are as follows:

| | | |
|---|---|---|
| Class List Sent to Admin. | (14 Days): | **July 5, 2023** |
| Notice to be completed by | (28 Days): | **July 18, 2023** |
| Objection Deadline | (60 Days): | **August 21, 2023** |
| Exclusion Request Deadline | (60 Days): | **August 21, 2023** |
| Fee and Expense Application | (76 Days): | **September 21, 2023** |
| Final Approval Submissions | (76 Days): | **September 21, 2023** |
| Final Approval Hearing | (90 Days): | **October 5, 2023 at 10:00 A.M** |

**IT IS SO ORDERED.**

ENTERED: June 22, 2023

*LaShonda A. Hunt*
United States District Judge