**United States District Court**
**Northern District of Illinois, Eastern Division**

| | |
|---|---|
| **Ashley Norwood**, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Shippers Warehouse of Illinois, Inc.**,<br><br>Defendant. | Case No.: 1:21-cv-00917<br><br>Hon. LaShonda A. Hunt |

## FINAL ORDER AND JUDGMENT

This matter coming to be heard on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement (the "Motion"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises, IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows:

1. Unless otherwise noted, all capitalized terms in this Final Order and Judgment shall have the same meaning as ascribed to them in the Settlement Agreement between Ashley Norwood ("Plaintiff") and Shippers Warehouse of Illinois, Inc. ("Defendant", and, together, the "Parties").

2. This Court has jurisdiction over the subject matter of the Litigation and personal jurisdiction over all parties to the Litigation, including all Settlement Class Members.

3. The Court preliminarily approved the Settlement Agreement by Preliminary Approval Order dated June 22, 2023, and amended on September 13, 2023, following a hearing on the Joint Motion to Amend Preliminary Approval Order. The Court finds that adequate notice was given to all members of the Settlement Class pursuant to the terms of the September 13, 2023 Amended Preliminary Approval Order.

4. The Court has read and considered the papers filed in support of this Motion for Final Approval, including the Settlement Agreement and exhibits thereto and supporting declarations.

5. The Court held a Final Approval Hearing on November 30, 2023, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement.

6. Based on the papers filed with the Court and the presentations made to the Court by the Parties and other interested persons at the Final Approval Hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. The complex legal and factual posture of the Litigation, and the fact that the Settlement Agreement is the result of arms-length negotiations further support this finding.

7. The Court finds, for settlement purposes only, that the Class satisfies the applicable standards for certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Class is finally certified for settlement purposes only as follows: all persons who, using their finger, registered to use an alleged "biometric" timekeeping system while working for Defendant in Illinois from January 15, 2016 through September 13, 2023, except that any individual who timely and properly submitted a valid request for exclusion shall not be included in the Class. The Court finally, and for settlement purposes only, appoints Plaintiff Ashley Norwood as class representative and Brandon Wise and Adam Florek of Peiffer Wolf Carr Krane Conway & Wise, LLP, 818 Lafayette Ave., Floor 2, St. Louis, MO 63104 as Class Counsel.

8. No persons have made either timely and valid requests for exclusion, or any other requests for exclusion, therefore no Members of the Settlement Class are excluded and all

Members of the Settlement Class are bound by this Final Order.

9. For settlement purposes only, the Court confirms the appointment of Plaintiff Ashley Norwood as Class Representative of the Settlement Class.

10. For settlement purposes only, the Court confirms the appointment of Class Counsel, and finds they are experienced in class litigation, and have adequately represented the Settlement Class.

11. With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class defined above is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class, and those common questions predominate over any questions affecting only individual members; (c) the Class Representatives and Class Counsel have fairly and adequately protected, and will continue to fairly and adequately protect, the interests of the Settlement Class; and (d) certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of this controversy.

12. The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements Rule 23, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.

13. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

14. The Court dismisses the Litigation with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Plaintiff's and all Settlement

Class Members' claims against Defendant. The Court adjudges that the Released Claims and all of the claims described in the Settlement Agreement are released against the Releasees.

15. The Court adjudges that the Plaintiff and all Settlement Class Members who have not opted out of the Settlement Class shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees, as defined under the Settlement Agreement.

16. The Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement Agreement, and the releases contained therein, become effective. The Court finds that Plaintiff has, and the Settlement Class Members are deemed to have, knowingly waived the protections of any law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code Section 1542 which provides:

*A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

17. The Court further adjudges that, upon entry of this Order, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective affiliates, assigns, heirs, executors, administrators, successors, and agents, as set forth in the Settlement Agreement. The Releasees may file the Settlement Agreement and/or this Final Order and Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based

on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

19. The Court approves payment of attorneys' fees in the amount of **$285,450.00**, reimbursable litigation costs and expenses to Class Counsel in the amount of at least **$6,697.59**. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to any timely filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable for the following reasons: First, the Court finds that the Settlement provides substantial benefits to the Settlement Class. Second, the Court finds the payment fair and reasonable in light of the substantial work performed by Class Counsel. Third, the Court concludes that the Settlement was negotiated at arms-length without collusion, and that the negotiation of the attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members. Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award in the amount sought.

20. The Court approves the requested Incentive Awards in the amount of two thousand five hundred dollars ($2,500.00), and specifically finds such amount to be reasonable in light of the services performed by Plaintiff for the Settlement Class, including taking on the risks of

litigation, and helping achieve the results to be made available to the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. The Court finds that the amounts associated with any undistributed settlement funds and uncashed settlement checks shall be distributed pursuant to Paragraph 47 of the Settlement Agreement, as amended by the Court's September 13, 2023 Amended Preliminary Approval Order, ¶ 17, to *cy pres* recipient Re:United Travel, a 501(c)(3) corporation that provides travel opportunities for disadvantaged youth from Illinois' marginalized communities; Chicago Volunteer Legal Services; and Prairie State Legal Services, Inc., a 501(c)(3) corporation that provides legal aid services to low income communities with no more than five percent (5%) being returned to Defendant.

22. Neither this Final Order and Judgment, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Defendant or any of the Releasees of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims. This Final Order and Judgment is not a finding of the validity or invalidity of any claims in this Litigation or a determination of any wrongdoing by Defendant or any of the Releasees. The final approval of the Settlement Agreement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Plaintiff, the Settlement Class Members, or Defendant.

23. Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no reason exists for delay in entering this Final Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Order and Judgment.

24. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Order and Judgment and do not limit the rights of the Settlement Class Members.

**IT IS SO ORDERED.**

ENTERED: 11/30/23

Hon. LaShonda A. Hunt
United States District Court Judge